LOGAN v. LOGAN

[116 N.C. App. 344 (1994)]

Affirmed.

Judges WELLS and JOHNSON concur.

Judge WELLS concurred prior to 30 June 1994.

———————————

CHERYL DENISE LOGAN, Plaintiff v. JAMES ARCHIE LOGAN, Defendant

No. 9329DC509

(Filed 6 September 1994)

**Pleadings § 65 (NCI4th)— Rule 11 sanctions—findings—insufficient**

An order imposing Rule 11 sanctions against an attorney was reversed and remanded where the judge failed to identify the motions and pleadings which were misleading or incorrect, plaintiff's motion for sanctions also failed to identify the motions and pleadings which allegedly violated Rule 11, and the trial court's order could not be reviewed under the standard set out in *Turner v. Duke University*, 325 N.C. 152. N.C.G.S. § 1A-1, Rule 11(a).

**Am Jur 2d, Pleading § 339.**

**Comment Note.—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed. 107.**

Appeal by defendant from order and judgment entered 5 February 1993 by Judge Robert S. Cilley in Rutherford County District Court. Heard in the Court of Appeals 1 March 1994.

*J.H. Burwell, Jr., for plaintiff appellee.*

*Stephen T. Daniel & Associates, P.A., by Stephen T. Daniel; and Daniel A. Kuehnert for appellant, Daniel A. Kuehnert, counsel for defendant.*

COZORT, Judge.

In this case the trial court imposed Rule 11 sanctions against defendant's counsel after finding that counsel "filed numerous Motions and pleadings . . . which contained material which was not

well grounded in either fact or law, and which specifically contained statements and information which was misleading and incorrect . . . ." We reverse the order because the trial court failed to specify which motions and pleadings were sanctionable, and we remand the cause for reconsideration of plaintiff's motion for sanctions.

The facts of the underlying matter are not pertinent to the resolution of this appeal and need not be set out here. The issue of sanctions arose on 22 January 1992, when plaintiff filed a motion for sanctions, alleging that "since November 3, 1992, Mr. Daniel A. Kuehnert in his capacity as counsel for the defendant has filed numerous pleadings and other Motions containing false allegations" and that "Daniel A. Kuehnert, Attorney at Law, well knows that many of his Motions and Affidavits are unfounded in law . . . and the conduct of the said Daniel A. Kuehnert has been intended to prevent the plaintiff from obtaining the relief to which she is rightfully entitled and which has been ordered by this Court, and that said conduct has been oppressive to the plaintiff and without just cause or excuse, and has resulted in great and unnecessary expense being incurred by the plaintiff." The motion did not specify which of the motions and affidavits filed by Mr. Kuehnert after November 3 were allegedly in violation of Rule 11.

The motion was heard before Judge Robert S. Cilley on 5 February 1993. An order and judgment granting plaintiff's motion for Rule 11 sanctions against defendant's attorney was entered in open court on 5 February 1993. In the order, the trial court found:

9. That at approximately 3 o'clock P.M. on November 3, 1992, Mr. Daniel A. Kuehnert delivered a Notice to Counsel for the plaintiff and filed a copy of said Notice with the Court indicating that he would appear on November 3, 1992, and seek relief as set out in a Motion; the said Notice did not set forth a time for any appearance and did not set forth the substance of any Motion. The said Daniel A. Kuehnert also filed Motions stated to be pursuant to Rules 59 and 60(b) of the Rules of Civil Procedure.

* * * *

12. That thereafter on November 25, 1992, Daniel A. Kuehnert obtained an Order of Continuance over the objection of Counsel for the plaintiff from the Honorable Samuel Tate, with instructions to make certain changes in said Order, but that Mr. Daniel A. Kuehnert did not change the Order as instructed but filed the

LOGAN v. LOGAN

[116 N.C. App. 344 (1994)]

same unchanged. That thereafter, said Order was called to the attention of Judge Tate who in effect deleted the entire Order except the continuance.

\* \* \* \*

14. That thereafter, Mr. Daniel A. Kuehnert filed a Motion to Withdraw as Counsel for the defendant, which motion can best be described as self-serving.

15. That Mr. Daniel A. Kuehnert as Attorney for the defendant filed numerous Motions and pleadings over his signature which contained material which was not well grounded in either fact or law, and which specifically contained statements and information which was misleading and incorrect and which the said Daniel A. Kuehnert knew or should have known to be misleading and incorrect, and that the misleading and incorrect material submitted over the signature of the said Daniel A. Kuehnert compelled Counsel for the plaintiff to expend substantial time at considerable expense to the plaintiff.

16. That the misleading and incorrect information knowingly submitted by Attorney Daniel A. Kuehnert constitutes a willful violation of the provisions of Rule 11 of the North Carolina Rules of Civil Procedure, and that the said Daniel A. Kuehnert is subject to sanctions for his said conduct.

\* \* \* \*

23. That Counsel for the plaintiff has been required to spend approximately fifteen (15) billable hours chargeable to the plaintiff in dealing with the incorrect and misleading pleadings knowingly filed by Attorney, Daniel A. Kuehnert, and the plaintiff has thereby been damaged by the said pleadings.

24. That Attorney Daniel A. Kuehnert is properly subject to sanctions pursuant to the provisions of Rule 11 of the North Carolina Rules of Civil Procedure based upon his knowingly signing and filing the incorrect and misleading pleadings which he filed in this cause.

25. That Attorney Daniel A. Kuehnert should be required to pay the sum of $750.00 into the office of the Clerk of Superior Court to be disbursed by the Clerk to the plaintiff to reimburse her for her legal expenses caused by the aforesaid conduct of the said Attorney, Daniel A. Kuehnert.

## LOGAN v. LOGAN

[116 N.C. App. 344 (1994)]

The trial court concluded:

1. That Attorney Daniel A. Kuehnert is subject to sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure for his conduct in knowingly filing incorrect and misleading pleadings in this action.

2. That the improper conduct occurring in this action is the fault of the Attorney, Daniel A. Kuehnert, and is not the fault of his client, the defendant, James Archie Logan.

The trial court ordered:

(A) That Daniel A. Kuehnert, Attorney at Law of Morganton, North Carolina, is hereby declared and adjudged to be subject to sanctions by this Court for the incorrect and misleading pleadings knowingly filed by him and for his conduct in this cause.

(B) That the said Attorney, Daniel A. Kuehnert, of Morganton, North Carolina, shall pay into the office of the Clerk of this Court the sum of $750.00 to be disbursed by the Clerk to the plaintiff and her Counsel of record as reimbursement for the unnecessary legal expenses occasioned by the improper conduct in this action by the said Attorney, Daniel A. Kuehnert.

Attorney Kuehnert appeals.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (1990) provides, in part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

A decision by the trial court to impose or not to impose sanctions under Rule 11 is reviewable de novo by this court. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). "In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Id.* at 165, 381 S.E.2d at 714. "If the

appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a)." *Id.*

Having reviewed Judge Cilley's order, we find the conclusions of law support the judgment and the conclusions of law are supported by the findings of fact. However, we are unable to determine whether the findings of fact are supported by sufficient evidence because the judge failed to identify the motions and pleadings which were misleading or incorrect. Since plaintiff's motion for sanction also fails to identify which motions and pleadings allegedly violated Rule 11, we cannot even infer which motions and pleadings the judge found to be in violation. Thus, we cannot review the trial court's order imposing sanctions on Mr. Kuehnert under the standard set out in *Turner v. Duke University*. The order must be remanded to the trial court for specification as to which motions and pleadings were misleading and incorrect.

The order imposing Rule 11 sanctions is reversed, and the cause is remanded for reconsideration, wherein the trial court is to make detailed findings of fact on plaintiff's motion for sanctions.

Reversed and remanded.

Chief Judge ARNOLD and Judge LEWIS concur.