STATE OF NORTH CAROLINA v. NORMAN GILBERT SANMIGUEL AND TIMOTHY WILLIAM SCHWANZ

No. 843SC864

(Filed 16 April 1985)

1. **Criminal Law § 138— inducing others to participate—leading or dominating other participants—separate aggravating factors**

   If evidence is presented showing that a defendant induced another or others to participate in the commission of an offense, and separate evidence is presented showing that the defendant also led or dominated another or others during the commission of the offense, the court may find two separate aggravating factors. G.S. 15A-1340.4(a)(1)(a).

2. **Criminal Law § 138— aggravating factors—inducing and leading others—failure to specify persons induced and led**

   In finding the aggravating factors that defendants induced others to participate in the commission of an offense and led or dominated other participants during the offense, the court was not required to specify whom defendants induced and led in the commission of the offenses.

3. **Criminal Law § 138— aggravating factor—inducement of others—sufficient evidence**

   The evidence supported the court's finding of the aggravating factor that defendants induced another or others to participate in the commission of a conspiracy to sell and deliver LSD and the sale and delivery of LSD where the preponderance of the evidence showed that one defendant brought about or caused another person's participation in the conspiracy and drug sale and that the second defendant brought about or caused the participation of two other persons. Moreover, evidence necessary to prove this aggravating factor was not necessary to prove an essential element of the conspiracy offense.

4. **Criminal Law § 138— aggravating factor—position of leadership or dominance—insufficient evidence**

   The evidence was insufficient to support a finding of the aggravating factor that defendants occupied a position of leadership or dominance over another participant in the commission of a conspiracy to sell and deliver LSD and sale and delivery of LSD where it tended to show only that all offenders,

once involved, were co-participants in the commission of the offenses. Moreover, the only evidence from which the court could speculate that either defendant might have led or dominated one or more of the other participants is the same evidence necessary to support another aggravating factor found, viz, inducement of others, and it thus could not be used to support an additional factor in aggravation. G.S. 15A-1340.4(a)(1)(a).

APPEAL by defendants from *Winberry, Judge*. Judgments entered 8 December 1983 in Superior Court, PITT County. Heard in the Court of Appeals 13 March 1985.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Appellate Defender Adam Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., and Assistant Appellate Defender Leland Q. Towns, for defendant appellant SanMiguel.*

*Hugh D. Cox, Jr., for defendant appellant Schwanz.*

WHICHARD, Judge.

Defendants pled guilty to sale and delivery of lysergic acid diethylamide ("LSD") and conspiracy to sell and deliver LSD. They were sentenced to imprisonment in excess of the presumptive terms.

In sentencing defendant SanMiguel the court found as factors in aggravation of both offenses that "1. [t]he defendant induced another to participate in the commission of the offense," and "2. [t]he defendant occupied a position of leadership or dominance of another participant in the commission of the offense." SanMiguel appeals from the sentences pursuant to G.S. 15A-1444(a1).

In sentencing defendant Schwanz the court found as factors in aggravation of both offenses that "1. [t]he defendant induced others to participate in the commission of the offense," and "2. [t]he defendant occupied a position of leadership or dominance of other participants in the commission of the offense." Schwanz claims that he gave timely notice of appeal from the sentences; however, the record does not contain a copy of the notice of appeal or an appeal entry showing that appeal was taken orally. *See* N.C. R. App. P. 9(a)(3)(viii). In our discretion we treat the pur-

ported appeal as a petition for writ of certiorari and pass upon the merits of the questions raised. *See* N.C. R. App. P. 21.

Defendants contend the court erred by dividing the statutory aggravating factor in G.S. 15A-1340.4(a)(1)(a) into two parts and finding each part as a separate factor. G.S. 15A-1340.4(a)(1)(a) establishes, as one of the aggravating factors a court must consider in sentencing, that "[t]he defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." The focus of this factor is on the role of a defendant in inducing others to participate in the commission of an offense or in leading or dominating other participants during the commission of an offense. *See State v. Lattimore*, 310 N.C. 295, 299, 311 S.E. 2d 876, 879 (1984). The conduct referred to is of two types—first, inducing others and, second, leading or dominating others. The words used are not generally synonymous. *See* Black's Law Dictionary 697 (rev. 5th ed. 1979) ("induce"); Webster's New Collegiate Dictionary 653 (1977) ("lead"); *see also* Black's Law Dictionary, *supra*, at 436 ("dominate"). Since G.S. 15A-1340.4(a)(1)(a) is stated in the disjunctive, proof of either type of conduct, by the preponderance of the evidence, is sufficient to support the finding of an aggravating factor. *See In Re Duckett*, 271 N.C. 430, 437, 156 S.E. 2d 838, 844 (1967) ("the disjunctive . . . 'or' is used to indicate a clear alternative"); *Davis v. Granite Corporation*, 259 N.C. 672, 675, 131 S.E. 2d 335, 337 (1963); *see also* G.S. 15A-1340.4(a).

[1] Defendants argue that even if the preponderance of the evidence shows both types of conduct, such evidence only supports a single aggravating factor. We disagree. One of the primary purposes of sentencing is to impose punishment commensurate with the injury caused, taking into account the factors which diminish or increase the offender's culpability. *See* G.S. 15A-1340.3. Both inducing others to commit an offense and leading others during the commission of an offense constitute conduct which increases a defendant's culpability. Since proof of either type of conduct, by the preponderance of the evidence, is sufficient to support the finding of an aggravating factor, proof of both types of conduct should suffice to support the finding of two aggravating factors so as to reflect the defendant's greater culpability. However, since the same evidence may not be used to prove more than one aggravating factor, two aggravating factors

may be found only if there is separate evidence supporting each. *See* G.S. 1340.4(a)(1).

We conclude that if evidence is presented showing that a defendant induced another or others to participate in the commission of an offense, and separate evidence is presented showing that the defendant also led or dominated another or others during the commission of the offense, the court may find two separate aggravating factors. We take judicial notice that the "Felony Judgment Findings Of Factors In Aggravation And Mitigation Of Punishment" form prepared by the Administrative Office of the Courts divides G.S. 15A-1340.4(a)(1)(a) into two aggravating factors, and we find this division proper. *See State v. Smith*, 73 N.C. App. 637, 328 S.E. 2d 326 (1985).

[2] Defendants contend the court erred in failing to specify whom they induced and led in the commission of the offenses. While such specification would aid appellate review, it is not required. *See State v. Abee*, 60 N.C. App. 99, 103, 298 S.E. 2d 184, 186 (1982), *modified and affirmed*, 308 N.C. 379, 302 S.E. 2d 230 (1983). All that is necessary is that the record support the factors found by a preponderance of the evidence. *Id.*

Defendants contend the evidence presented at the sentencing hearing was not sufficient to support the aggravating factors found. The evidence tends to show the following:

On 4 August 1983 S.B.I. Agent R. E. Jackson purchased LSD from defendant Schwanz and informed Schwanz that he and his people would like to purchase a larger quantity of the drug. Schwanz replied, "No problem." Subsequently Jackson told Schwanz he would like to buy some cocaine and possibly 10,000 dosage units of LSD from him. Schwanz said he would have to contact his man in Virginia Beach and would get back in touch with Jackson but that he felt confident he could deliver five to ten thousand dosage units of LSD. The next day Schwanz told Jackson he could get the LSD and that his man from Virginia Beach would be coming to Greenville with it to meet him. Jackson and Schwanz arranged to meet on 31 August 1983 at the Carolina East Mall in Greenville for the transaction.

On 31 August 1983 Schwanz and defendant SanMiguel drove up beside Jackson at the Carolina East Mall. Schwanz got into

Jackson's car and told him they had the LSD but not with them. He told Jackson that SanMiguel was with him because he was the man with the LSD. He indicated that SanMiguel had been late in delivering the LSD because he had to transact another deal on the way down. Schwanz and SanMiguel then left the area. Soon after, Schwanz returned alone and sold the LSD to Jackson. Subsequently Schwanz, SanMiguel, and three others involved in the transaction — Paul Andrew Thompson, Ronald Michael Jones, and John Joseph Barr — were arrested.

Schwanz testified that he had been selling drugs for approximately three or four months prior to his arrest. Although he sold drugs other than LSD, he only obtained LSD from SanMiguel. His relationship with SanMiguel was friendly and businesslike. Whenever Schwanz needed LSD to sell, he figured out the quantity and the costs involved, initiated the contact with SanMiguel, and drove to Virginia Beach to pick up the drugs. He paid SanMiguel as he instructed by telegraphing money to a woman who was either SanMiguel's girlfriend or wife. Schwanz asked SanMiguel to drive to Greenville with the LSD for the 31 August 1983 transaction so that Schwanz, who lived in Jacksonville, would not have to drive to Virginia Beach and back in one day. SanMiguel agreed to accommodate him. Schwanz testified that he had asked codefendants Jones and Thompson, who were fellow Marines, to accompany him to Greenville for protection.

Co-defendant Barr, who worked for SanMiguel, drove San-Miguel to Greenville. SanMiguel either asked Barr to drive him to Greenville or Barr volunteered to drive him down because he had a brother in Goldsboro. In exchange SanMiguel agreed to pay for gas and beer. Barr was not aware that a drug transaction was planned until the trip had begun. After he learned this he proceeded nevertheless.

[3]    We first consider whether the evidence supports the finding that defendants induced another or others to participate in the commission of the offenses. In the absence of a contrary indication, it is presumed that the legislature intended that a term used in a statute be given its natural and ordinary meaning. *Transportation Service v. County of Robeson*, 283 N.C. 494, 500, 196 S.E. 2d 770, 774 (1973); *In re Trucking Co.*, 281 N.C. 242, 252, 188 S.E. 2d 452, 458 (1972). The court may properly look to dictionaries for

a definition. *See State v. Ludlum,* 303 N.C. 666, 671, 281 S.E. 2d 159, 162 (1981). Induce is defined by Black's Law Dictionary, *supra,* at 697, as "[t]o bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on." Webster's New Collegiate Dictionary, *supra,* at 587, similarly defines induce as "to lead on: move by persuasion or influence," to "bring about by influence," and to "effect, cause."

We believe the preponderance of the evidence shows that SanMiguel brought about or caused co-defendant Barr's involvement in the conspiracy and drug sale and that Schwanz brought about or caused Thompson's and Jones' participation. We thus find that the evidence supports the finding as factors in aggravation that SanMiguel induced another and Schwanz induced others to participate in the commission of the offenses.

Defendants contend that evidence necessary to prove this aggravating factor is also necessary to prove an essential element of the conspiracy offense. A conspiracy is an agreement to do an unlawful thing or to do a lawful thing in an unlawful way by unlawful means. *See State v. Looney,* 294 N.C. 1, 11, 240 S.E. 2d 612, 617-18 (1978). Because inducement to enter an agreement necessarily precedes the agreement itself, and only the agreement itself is an element of the conspiracy offense, we find no merit to this contention.

[4] We do not believe, however, that the evidence shows that either SanMiguel or Schwanz occupied a position of leadership or dominance over any of the participants in the commission of the offenses. The evidence shows that SanMiguel and Schwanz acted as co-participants in the drug transaction; it does not show that either directed, led, or dominated the other. Nor is there evidence that either of them led or dominated any of the other co-defendants. The aggravating factors set forth in G.S. 15A-1340.4(a)(1)(a) cannot be proven by conjecture. *See State v. Gore,* 68 N.C. App. 305, 307, 314 S.E. 2d 300, 301 (1984). Evidence presented at the sentencing hearing does not show or in any way tend to show anything other than that the offenders, once involved, were co-participants in the commission of the offenses. To conclude that these defendants led or dominated the others in the commission of the offenses thus requires pure conjecture, which is imper-

missible. *Gore, supra.* Moreover, the only evidence from which the court could speculate that either defendant might have led or dominated one or more of the other participants is the same evidence necessary to support the other aggravating factor found, viz, inducement of others; thus, it cannot be used to support an additional factor in aggravation. *See* G.S. 15A-1340.4(a)(1).

We thus hold that the court erred in finding as a factor in aggravation that each defendant occupied a position of leadership or dominance of another participant or other participants in the commission of the offenses. The case therefore must be remanded for a new sentencing hearing. *See State v. Ahearn,* 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

Remanded for resentencing.

Judges JOHNSON and EAGLES concur.