GEORGIA RAY ANDERSON v. JULIUS RUBIN HOLLIFIELD

No. COA95-1178

(Filed 6 August 1996)

## 1. Damages § 178 (NCI4th)— jury award of $1.00 in damages—verdict less than proven medical expenses—error

The jury's award of one dollar in damages to plaintiff upon finding negligence by defendant in a rear-end collision will not be set aside on the ground that it was against the greater weight of the evidence on the issue of whether the accident aggravated plaintiff's preexisting degenerative disk disease because testimony on this issue by plaintiff's treating physician was inconclusive and presented a question of fact for the jury. However, the

one dollar award must be set aside where it was undisputed that defendant's negligence caused plaintiff to suffer an acute cervical sprain, plaintiff made a number of visits to her treating physician for treatment of the cervical sprain alone, and the award was less than the amount of expenses plaintiff proved she incurred for treatment of her cervical sprain.

**Am Jur 2d, Damages §§ 1017 et seq.**

**Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages—modern cases. 5 ALR5th 875.**

**Excessiveness or inadequacy of punitive damages awarded in personal injury or death cases. 12 ALR5th 195.**

**Excessiveness or inadequacy of punitive damages in cases not involving personal injury or death. 14 ALR5th 242.**

2. **Evidence and Witnesses §§ 148, 254 (NCI4th)— personal injury action—evidence of workers' compensation benefits admissible—evidence of liability insurance coverage inadmissible**

N.C.G.S. § 97-10.2(e) specifically provides for the introduction of evidence of workers' compensation benefits received but provides no corresponding right on the part of the plaintiff to introduce evidence of defendant's liability insurance coverage.

**Am Jur 2d, Evidence §§ 483-492; Workers' Compensation § 474.**

**Admissibility of evidence, and propriety and effect of questions, statements comments, etc., tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR2d 761.**

**Admissibility of evidence that injured plaintiff received benefits from a collateral source, on issue of malingering or motivation to extend period of disability. 47 ALR3d 234.**

Judge SMITH dissenting.

Appeal by plaintiff from judgment entered 27 February 1995 by Judge Raymond A. Warren in Gaston County Superior Court. Heard in the Court of Appeals 5 June 1996.

ANDERSON v. HOLLIFIELD

[123 N.C. App. 426 (1996)]

On 18 December 1992, plaintiff Georgia Ray Anderson, driving her unmarked police vehicle on Franklin Boulevard, stopped at the intersection of Franklin Boulevard and South Chester Street in Gastonia, North Carolina. Defendant, Julius R. Hollifield, was operating a 1968 Ford pickup truck directly behind the vehicle driven by plaintiff. As plaintiff stopped at the intersection, defendant failed to stop in time and collided with the rear of plaintiff's vehicle. Photographs taken at the scene revealed no visible damage to either vehicle and neither driver appeared to be seriously injured at that time.

As of 18 December 1992, plaintiff was employed by the Gastonia City Police Department and was within the course and scope of her employment when the traffic accident occurred. Plaintiff's injuries were covered by workers' compensation insurance from which plaintiff received approximately $32,423.94 in workers' compensation benefits. Defendant introduced evidence of the workers' compensation insurance and benefits paid at trial pursuant to G.S. 97-10.2(e).

At the close of trial on 13 February 1995, the trial court submitted two questions to the jury and received the following answers from the members of the jury:

1. Did the negligence of the Defendant, Julius Rubin Hollifield, cause injury to the Plaintiff, Georgia Ray Anderson?

ANSWER: Yes.

2. What amount is the Plaintiff, Georgia Ray Anderson, entitled to recover for personal injuries?

ANSWER: $1.00.

Plaintiff moved to set aside the verdict as to issue two on the grounds that it was against the greater weight of the evidence. The trial court denied plaintiff's motion and entered judgment in accordance with the jury's verdict on 27 February 1995.

Plaintiff appeals.

*James R. Carpenter and Larry G. Hoyle for plaintiff-appellant.*

*Colombo & Robinson, by William C. Robinson, for defendant-appellee.*

ANDERSON v. HOLLIFIELD

[123 N.C. App. 426 (1996)]

EAGLES, Judge.

We note first that there are numerous rule violations by plaintiff in this case. In our discretion, however, "we treat the purported appeal as a petition for writ of certiorari and pass upon the merits of the questions raised." *State v. SanMiguel*, 74 N.C. App. 276, 277-78, 328 S.E.2d 326, 328 (1985) (citing N.C. R. App. P. 21 (1988)).

**[1]** Plaintiff first argues that the trial court erred in failing to set aside the jury's verdict on issue number two as against the greater weight of the evidence. We agree. Denial of a motion to set aside the verdict is within the trial court's discretion and will not be reversed absent an abuse of that discretion. *State v. Peterson*, 337 N.C. 384, 397, 446 S.E.2d 43, 51 (1994).

Plaintiff's treating physician here, Dr. Robert Blake, identified two medical problems with plaintiff's neck: (1) An acute cervical sprain stemming directly from the impact, and (2) a degenerative disk disease including related bone spurring. Dr. Blake testified that the degenerative disk and bone spurring conditions were clearly pre-existing at the time of the accident. Since it is undisputed that the accident caused plaintiff to suffer at least an acute cervical sprain, the first question is whether the accident aggravated the degenerative disk condition so that defendant should also be liable for the pain, suffering and medical expenses associated with treating that condition as well.

On this issue, Dr. Blake's testimony as a whole is inconclusive and clearly presents questions of fact for resolution by the jury. Defendant seizes on Dr. Blake's testimony that the post-accident x-ray revealed no visible damage to the vertebrae, disk or spinal cord that could be attributed to the accident. Dr. Blake admitted that the natural progression of plaintiff's condition could have caused plaintiff's symptoms to first appear when plaintiff first reported them to Dr. Blake, just over seven weeks after the date of the accident. Moreover, Dr. Blake testified that the results of an MRI test performed over seven weeks after the accident indicated that some progression had occurred since the accident and that it was as a result of this progression that surgery was necessary.

In support of plaintiff's position, Dr. Blake testified that it is "pretty common" for a trauma like the accident here to aggravate a pre-existing condition like plaintiff's thereby causing progression to occur and causing symptoms to first manifest themselves. Dr. Blake

testified that this sequence of events could also explain the timing of the first recorded appearance of plaintiff's symptoms seven weeks after the accident. Furthermore, Dr. Blake stated that trauma caused by the accident could initiate further and accelerated degeneration, as plaintiff contends it must have here.

In reviewing the trial court's ruling, we recognize that the jury's role in our system is specifically to resolve questions of fact and assess the credibility of witnesses. The jury's role is exclusive in this regard and may not be infringed by the trial judge or by this Court. *Booher v. Frue*, 98 N.C. App. 570, 577-78, 394 S.E.2d 816, 819-20, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). Here, in awarding damages of only one dollar, the jury apparently determined that the accident did not aggravate plaintiff's pre-existing condition, and therefore that any pain, suffering and medical expenses associated with the progression of that pre-existing condition were not "harm" to the plaintiff caused by defendant's actions. *See Chiltoski v. Drum*, 121 N.C. App. 161, 163-64, 464 S.E.2d 701, 703 (1995), *disc. review denied*, 343 N.C. 121, 468 S.E.2d 777 (1996). While this result may not accord with the sympathies in this case, because the power to make this determination is clearly within the province of the jury, we do not disturb the jury's verdict on this basis.

We must reverse the trial court's ruling and overturn the jury's verdict, however, because it is undisputed that plaintiff made a number of visits to Dr. Blake for treatment of the symptoms of her neck sprain alone. Plaintiff made those visits after the collision but well before symptoms of her other condition reportedly manifested themselves for the first time. On those visits, plaintiff incurred medical expenses, and plaintiff must be compensated for those costs based on the jury's previous and unchallenged finding that plaintiff was harmed by defendant's negligence. Defendant does not dispute that his negligence caused the acute cervical sprain suffered by plaintiff. Accordingly, we conclude that it was error to permit the jury to award plaintiff damages in any amount less than the amount of expenses she proved she incurred in being treated for her acute cervical sprain.

[2] Plaintiff next argues that evidence of defendant's liability insurance coverage should have been introduced since evidence of plaintiff's recovery in workers' compensation was introduced pursuant to G.S. 97-10.2(e). We disagree.

G.S. 97-10.2(e) governs the introduction of evidence concerning recovery under the workers' compensation statutes and provides in

ANDERSON v. HOLLIFIELD

[123 N.C. App. 426 (1996)]

pertinent part that "[t]he amount of compensation . . . paid or payable on account of such injury or death shall be admissible in evidence in any proceeding against the third party." G.S. 97-10.2(e) (1991). This statute specifically provides for the introduction of evidence of workers' compensation benefits received, but provides no corresponding right on the part of the plaintiff to introduce evidence of defendant's liability insurance coverage. The General Assembly enacted G.S. 97-10.2(e) with full opportunity to be aware of the long-standing prohibition against the introduction of evidence as to defendant's liability insurance coverage. *E.g.*, *Scallion v. Hooper*, 58 N.C. App. 551, 556-57, 293 S.E.2d 843, 845-46, *disc. review denied*, 306 N.C. 744, 295 S.E.2d 480 (1982). In 1983, the General Assembly essentially codified the common law regarding the admissibility of liability insurance by enacting G.S. 8C-1, Rule 411. This Court is not a legislative body and may not legislate to amend or repeal the enactments of our General Assembly. Plaintiff's argument would in effect require us to amend G.S. 97-10.2(e) and G.S. 8C-1, Rule 411 to strike down the prohibition against the admission of liability insurance evidence in this context. We decline and accordingly conclude that the trial court properly granted defendant's motion in limine prohibiting the introduction of evidence of defendant's liability insurance coverage.

The order of the trial court is reversed and the cause is remanded for a new hearing on the issue of damages. The only damages that may be considered on remand are those related solely to plaintiff's acute cervical sprain. We need not address plaintiff's remaining assignment of error.

Reversed and remanded.

Judge WYNN concurs.

Judge SMITH dissents.

Judge SMITH dissenting.

I dissent from the majority opinion which reaches the merits of this purported appeal. As the majority acknowledges, plaintiff has made numerous rule violations in the instant case. Specifically, judgment was signed on 27 February 1995 and filed on 1 March 1995. The only document that might possibly be construed as a notice of appeal is captioned "APPEAL ENTRIES." That document is dated and filed on 12 May 1995. Appellate Rule 3 requires that written notice of

appeal in civil actions be served and filed within 30 days of the entry of judgment. N.C.R. App. P. 3 (1995). "Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed." *Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683, *appeal dismissed and disc. review denied*, 327 N.C. 633, 399 S.E.2d 326 (1990) (citation omitted).

The record on appeal was served on appellee on 12 May 1995 and filed with this Court on 23 October 1995. Appellate Rule 11(b) provides in pertinent part that the record on appeal becomes settled 21 days after service if no "objections, amendments or a proposed alternative record" are served. N.C.R. App. P. 11(b). Thereafter, an appellant has 15 days to file the record on appeal. N.C.R. App. P. 12(a). The record on appeal does not disclose that any objections, exceptions or a proposed alternative record on appeal were served or that any extension of time to file the record on appeal was granted pursuant to Appellate Rule 11(f).

Suspension of the appellate rules pursuant to our discretionary power uner N.C.R. App. P. 2 may not be used in this case to address the merits of plaintiff's appeal. As this Court has held that "[w]ithout proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2." *Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994) (citing *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422 (1990) and *Brooks, Comm'r of Labor v. Gooden*, 69 N.C. App. 701, 318 S.E.2d 348 (1984), *disc. review denied*, 339 N.C. 609, 454 S.E.2d 246, *aff'd*, 341 N.C. 702, 462 S.E.2d 219, *reh'g denied*, 342 N.C. 418, 465 S.E.2d 536 (1995).

A petition for certiorari has not been submitted as part of this appeal. Appellate Rule 21(b) requires a party seeking review by writ of certiorari to file a petition therefor with the clerk of court. N.C.R. App. P. 12(b). I do not believe the majority can properly treat this appeal as a petition for certiorari because in order to do so, the majority must suspend the appellate rules pursuant to Rul 2. Because this Court does not have jurisdiction of this appeal, it may not use Rule 2 to suspend the appellate rules, grant certiorari, and then address the merits of the appeal.

Even if the Court could properly grant certiorari in this case, I believe the majority improperly exercised its discretion in granting the purported petition. A writ of certiorari is an extraordinary reme-

dial writ which, in certain instances, may lie as a substitute for an appeal. Its object is to prevent an improper deprivation of appeal. *Pue v. Hood, Comr. of Banks*, 222 N.C. 310, 22 S.E.2d 896 (1942). In the instant case, plaintiff flagrantly violated the appellate rules, and I do not believe she will be improperly deprived of an appeal by dismissing this case for such violations.

In a case similar to the instant case, our Supreme Court, in a *per curiam* opinion, granted certiorari to review our dismissal of an appeal for rule violations and affirmed. *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 301 S.E.2d 98 (1983). In the case *sub judice* and in *Booth*, no notices of appeal were filed. However, in each case documents entitled "appeal entries" were filed. (In *Booth*, the entries were filed the day after entry of judgment which would have been timely for a notice of appeal. In the case at bar, they were filed on 12 May 1995 which would not have been timely for a notice of appeal.) In each case, the "appeal entries" were served on the appellees as part of the proposed record on appeal only. It is my opinion that the facts of the present case are substantially identical to the facts of *Booth*. If anything, the violations in *Booth* were less egregious than in this case because the "appeal entries" in *Booth* were filed within the time provided for giving notice of appeal.

Furthermore, in the instant case, the jury was presented with all relevant evidence and returned a verdict in favor of plaintiff for one dollar. The record indicates that the jury heard all of the evidence regarding damages. The jury was properly instructed on the weight to be given to the evidence presented and that plaintiff had the burden of proving defendant's negligence proximately caused her injury and the specific amount of damages resulting from those injuries. *See Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995). It is obvious to me that the jury's verdict is a determination that plaintiff had not carried her burden of proof on these issues. Therefore, I believe the majority invades the province of the jury in its opinion setting aside the jury's verdict. There was no need to grant certiorari in this case.

For these reasons, I would dismiss this purported appeal for the appellate rule violations and do not believe this Court can treat the appeal as a petition for certiorari pursuant to our authority under N.C. Gen. Stat. § 7A-32(c) (1995) and Appellate Rule 2.