GEORGIA RAY ANDERSON v. JULIUS RUBIN HOLLIFIELD

No. 384A96

(Filed 10 February 1997)

**1. Appeal and Error § 291 (NCI4th)— notice of appeal not given—treated as petition for certiorari**

The Court of Appeals had the authority to review a trial court's judgment in an automobile accident case even though plaintiff never filed a notice of appeal from the judgment. Construing Appellate Rules 27(c) and 21(a)(1) together, the appellate court has the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely matter.

**Am Jur 2d, Appellate Review § 339.**

**2. Trial § 526 (NCI4th)— automobile accident—damages— verdict of one dollar—motion to set aside denied—no abuse of discretion**

There was no abuse of discretion in an automobile accident case where the jury awarded $1.00 in damages and the trial court denied plaintiff's motion to set aside the verdict as against the weight of the evidence. The record demonstrates that defendant contested the existence of all of plaintiff's alleged injuries and the jury was presented with all of the evidence, was instructed properly on the law, and made its decision accordingly. It cannot be concluded from the "cold record" that the trial court's ruling in denying plaintiff's motion to set aside the verdict on the issue of damages probably amounted to a substantial miscarriage of justice.

**Am Jur 2d, Judgments § 331.**

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 123 N.C. App. 426, 473 S.E.2d 399 (1996), reversing the judgment denying plaintiff's motion to set aside the verdict on the issue of damages entered by Warren, J., on 1 March 1995 in Superior Court, Gaston County. Heard in the Supreme Court 10 December 1996.

ANDERSON v. HOLLIFIELD

[345 N.C. 480 (1997)]

*James R. Carpenter and Barrett O. Poppler for plaintiff-appellee.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by Rex C. Morgan; and Colombo & Robinson, by William C. Robinson, for defendant-appellant.*

*Stanley & Rhodes, L.L.P., by James M. Stanley, Jr., on behalf of The North Carolina Association of Defense Attorneys, amicus curiae.*

MITCHELL, Chief Justice.

This case arose as a result of an automobile accident that occurred on 18 December 1992. Evidence at trial tended to show that plaintiff, Georgia Ray Anderson, was driving her unmarked police vehicle on Franklin Boulevard in Gastonia. She stopped at the intersection of Franklin Boulevard and South Chester Street. Defendant, Julius R. Hollifield, was operating a 1968 Ford pickup truck directly behind the vehicle driven by plaintiff. As plaintiff stopped at the intersection, defendant failed to stop in time and collided with the rear of plaintiff's vehicle. Photographs taken at the scene revealed no visible damage to either vehicle, and neither driver appeared to be seriously injured at the time.

At the close of trial on 13 February 1995, the trial court submitted two questions to the jury and received the following answers from the members of the jury:

1. Did the negligence of the Defendant, Julius Rubin Hollifield, cause injury to the Plaintiff, Georgia Ray Anderson?

ANSWER: Yes.

2. What amount is the Plaintiff, Georgia Ray Anderson, entitled to recover for personal injuries?

ANSWER: $1.00.

Plaintiff moved to set aside the verdict as to issue two on the grounds that it was against the greater weight of the evidence. The trial court denied plaintiff's motion and entered judgment in accordance with the jury's verdict on 1 March 1995.

Plaintiff appealed to the Court of Appeals. A divided panel of the Court of Appeals reversed the trial court's judgment and remanded the case for a new hearing on the issue of damages "related solely to

plaintiff's acute cervical sprain." *Anderson v. Hollifield,* 123 N.C. App. 426, 431, 473 S.E.2d 399, 402 (1996). The majority opinion in the Court of Appeals stated "that there are numerous rule violations by plaintiff in this case," *id.* at 429, 473 S.E.2d at 400, but treated the appeal as before the court on a petition for writ of certiorari and addressed the issues raised by plaintiff. Judge Smith dissented, reasoning that the appeal should not have been heard because of violations of the appellate rules. *Id.* at 431-33, 473 S.E.2d at 402-03. Defendant appeals to this Court as a matter of right by virtue of Judge Smith's dissent.

[1] The first issue on appeal is whether the Court of Appeals had jurisdiction to review the trial court's judgment. Defendant notes that plaintiff has never filed a notice of appeal from the judgment entered by the trial court as required by Rule 3(a) of the Rules of Appellate Procedure. He maintains that such a failure to file a notice of appeal deprives the appellate courts of jurisdiction to rule upon the merits of plaintiff's appeal.

Under Rule 3(a) of the North Carolina Rules of Appellate Procedure, any party entitled by law to appeal from a judgment of a superior court rendered in a civil action may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. Appellate Rule 27(c) provides in pertinent part: "Courts may not extend the time for taking an appeal . . . prescribed by these rules or by law." Appellate Rule 21(a)(1) provides: "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments . . . of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." Construing these rules together, we conclude that Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner. Therefore, we conclude that the Court of Appeals properly granted certiorari in this case.

[2] By another assignment of error, defendant argues that the Court of Appeals erred in reversing the trial court's denial of plaintiff's motion to set aside the jury's verdict on the issue of damages. We agree.

This Court has defined the standard for appellate review of discretionary rulings by trial courts granting or denying motions to set aside verdicts and order new trials.

**ANDERSON v. HOLLIFIELD**

[345 N.C. 480 (1997)]

Appellate review "is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). The trial court's discretion is " 'practically unlimited.' " *Id.* [at 402], 290 S.E.2d at 603 (quoting from *Settee v. Electric Ry.*, 170 N.C. 365, 367, 86 S.E. 1050, 1051 (1915)). A "*discretionary* order pursuant to [N.C.]G.S. 1A-1, Rule 59 for or against a new trial upon *any* ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown." *Id.* at 484, 290 S.E.2d at 603. "[A] manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing that heavy burden of proof." *Id.* at 484-85, 290 S.E.2d at 604. "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Id.* at 487, 290 S.E.2d at 605.

*Campbell v. Pitt County Memorial Hosp.*, 321 N.C. 260, 264-65, 362 S.E.2d 273, 275-76 (1987) (alterations in original).

In reaching its decision to reverse the trial court's order denying plaintiff's motion to set aside the jury's verdict on the issue of damages, the Court of Appeals' majority relied upon the mistaken assumption that "[d]efendant does not dispute that his negligence caused the acute cervical sprain suffered by plaintiff." *Anderson*, 123 N.C. App. at 430, 473 S.E.2d at 401. A review of the record demonstrates that defendant contested the existence of all of plaintiff's alleged injuries, including the alleged cervical sprain, and there is no indication whatsoever that defendant ever conceded that plaintiff suffered a cervical sprain as a result of this accident. Although defendant's answer admitted that the accident was caused by his negligence, the answer specifically denied the existence of either proximate cause or damages. Further, cross-examination of plaintiff's treating physician, Dr. Blake, by counsel for defendant tended to show that plaintiff had significant degenerative disc disease that preexisted the accident and that neck pain from this condition could have become manifest without the accident. It is the jury's function to weigh the evidence and to determine the credibility of witnesses. In this case, the jury was presented with all of the evidence, was instructed properly on the law, and made its decision accordingly. Therefore, we cannot conclude from the "cold record" that the trial court's ruling in denying plaintiff's motion to set aside the verdict on

the issue of damages probably amounted to a substantial miscarriage of justice.

For the reasons stated herein, we conclude that the Court of Appeals did not err in treating this purported appeal as a petition for writ of certiorari. We reverse the decision of the Court of Appeals which reversed the judgment of the trial court and remand this case to that court for further remand to the Superior Court, Gaston County, for reinstatement of its judgment.

REVERSED AND REMANDED. ·