**TAYLOR v. CITY OF LENOIR**

[140 N.C. App. 337 (2000)]

———————————

DALE E. TAYLOR, B. J. FORE; DILLARD A. BROWN, HARVEY R. COOK, JR., THOMAS P. DEIGHTON, JAMES M. FLOYD, CATHY ANN HALL, GRANT HAROLD, MARY ROSE HART, RAYMOND HIGGINS, KENNETH D. HINSON, ALLEN C. JONES, JAMES T. MALCOLM, III, RANDY W. MARTIN, RICHARD N. OULETTE, RALPH PITTMAN, SID A. POPE, DANIEL L. POWERS, II, DARYL D. PRUITT, LISA D. ROBERTSON, RICKY E. SHEHAN, GREGORY F. SNIDER, TIMOTHY C. STOKER, ANN R. STOVER, JOAN C. SMITH, Individually, and for the benefit of and on behalf of all others similarly situated, Plaintiffs v. CITY OF LENOIR, a Municipal Corporation; BOARD OF TRUSTEES OF THE NORTH CAROLINA LOCAL GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM, body politic and corporate; O. K. BEATTY, JOHN W. BRITTE, JR., JAMES M. COOPER, RONALD E. COPLEY, CLYDE R. COOK, JR., BOB ETHERIDGE, JAMES R. HAWKINS, SHIRLEY A. HISE, WILMA M. KING, GERALD LAMB, W. EUGENE McCOMBS, WILLIAM R. McDONALD, III, DAVID G. OMSTEAD, PHILLIP M. PRESCOTT, JR., JAMES W. WISE, as Trustees; DENNIS DUCKER, as Director of the Retirement Systems Division, and Deputy Treasurer for the State of North Carolina; HARLAN E. BOYLES, as Treasurer of the State of North Carolina and Chairman of the Board of Trustees of the North Carolina Local Government Retirement System; and THE STATE OF NORTH CAROLINA, a body politic and corporate, Defendants

No. COA99-1228

(Filed 17 October 2000)

**Appeal and Error— record—untimely filed—appeal dismissed**

An appeal by class counsel from a class action final settlement order concerning attorney fees was dismissed where the record on appeal was not timely filed in violation of N.C. R. App. P. 12(a); class counsel's personal conflicts from a district court hearing, a $1.4 million real estate closing, a mayoral debate, and a tight mayoral race are by no means valid excuses for violation of the North Carolina Appellate Rules. Although Rule 2 permits the Court of Appeals to suspend the rules to prevent a manifest injustice, the Court chose not to do so as no manifest injustice to

a party was at stake, class counsel has a history of rules violations, and the individual plaintiffs will suffer no harm.

Judge WALKER dissenting.

Appeal by plaintiffs Dale E. Taylor, B. J. Fore, Dillard A. Brown, the Estate of James Floyd, Raymond Higgins, Thomas P. Deighton, and Ricky E. Shehan, from a class action final settlement order entered 5 March 1999 by Judge Claude S. Sitton in Caldwell County Superior Court. Heard in the Court of Appeals 23 August 2000.

*Kuehnert Bellas & Bellas, PLLC, by Daniel A. Kuehnert and Steven T. Aceto, for plaintiff-appellants.*

*Wilson, Palmer, Lackey & Rohr, P.A., by David S. Lackey, for plaintiff-appellee Derek K. Poarch; Todd, Vanderbloemen, Brady & LeClair, P.A., by Bruce W. Vanderbloemen, for plaintiff-appellees Frank M. Hicks, Jr., Sid A. Pope, Tim Stoker, Sharon Cook Poarch and Arnold Dula; Potter, McCarl & Whisnant, P.A., by Lucy R. McCarl and Steve B. Potter, for plaintiff-appellees Jack Warlick, Jim Higgins, Mike Phillips, Gary Clark, Harold Brewer, Ronda Watts, Helen Gallardo and Michael Wayne Sutton.*

*Groome, Tuttle, Pike & Blair, by Edward H. Blair, Jr., for defendant-appellee City of Lenoir.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Alexander McC. Peters, for defendant-appellees Board of Trustees of the North Carolina Local Government Employees' Retirement System and its individually named members or their successors, Jack W. Pruitt (Successor to Dennis Ducker), Harlan E. Boyles, and the State of North Carolina.*

HUNTER, Judge.

Plaintiffs' class counsel ("class counsel") appeal from a class action final settlement accepting in part and denying in part their motion/petition ("motion") for attorney fees based upon the common fund doctrine. During the course of this litigation, class counsel agreed by stipulation not to seek to recover attorney fees from defendants the Board of Trustees of the North Carolina Local Government Employees' Retirement System and its individual trustees or successors, Dennis Ducker, Harlan E. Boyles, and the State of North Carolina. As part of the final settlement agreement, the

TAYLOR v. CITY OF LENOIR

[140 N.C. App. 337 (2000)]

City of Lenoir agreed to pay $96,000.00 in full and complete satis-
faction of any and all claims and causes of actions against it as to this
litigation, thus freeing it from the obligation of paying any additional
attorney fees directly.

In the final settlement agreement, the trial court found that the
$96,000.00 cash settlement constituted a common fund procured as a
direct result of this litigation and awarded twenty-seven and a half
percent (27.5%) of said fund to class counsel as their sole attorney
fees. Class counsel immediately made a motion for additional attor-
ney fees claiming that their fees should be paid from an additional
common fund based upon that portion of the City of Lenoir's accrued
liability owed to the Local Government Employees' Retirement
System ("LGERS") attributable to sixty-two class members who
received full LGERS enrollment as a result of the City of Lenoir's 1995
conversion into LGERS. The trial court rejected the motion conclud-
ing that the plaintiff class members' interests in present and/or future
LGERS benefits are not an identifiable amount of monies subject to
sufficient control of the court, and therefore not a common fund.
Class counsel appeals from the trial court's denial of their motion for
additional attorney fees based upon the common fund doctrine from
the group of sixty-two plaintiffs, and bring forward several assign-
ments of error. However, we are unable to reach the merits of these
arguments as class counsel's appeal must be dismissed.

"The Rules of Appellate Procedure are mandatory and failure to
follow the rules subjects an appeal to dismissal." *Wiseman v.
Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). The
rules "are designed to keep the process of perfecting an appeal flow-
ing in an orderly manner." *Craver v. Craver*, 298 N.C. 231, 236, 258
S.E.2d 357, 361 (1979). " 'Counsel is not permitted to decide upon his
own enterprise how long he will wait to take his next step in the
appellate process.' " *Id.* (quoting *Ledwell v. County of Randolph*, 31
N.C. App. 522, 523, 229 S.E.2d 836, 837 (1976)).

In settling the record on appeal, N.C.R. App. P. 11(b) states in
pertinent part:

> Within 21 days . . . after service of the proposed record on appeal
> upon him an appellee may serve upon all other parties a notice of
> approval of the proposed record on appeal, or objections, amend-
> ments, or a proposed alternative record on appeal in accordance
> with Rule 11(c). If all appellees within the times allowed them
> either serve notices of approval or fail to serve either notices of

approval or objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal.

In this case, class counsel served the proposed record on appeal by hand delivery on 19 August 1999 to appellees' counsel except Alexander McC. Peters, who was served via United States mail on that same date. All counsel for the appellees chose to neither stipulate to the proposed record, nor file any notice of approval, objections, amendments or proposed alternative record on appeal. Thus twenty-four (24) days (twenty-one (21) days per N.C.R. App. P. 11(b) plus three (3) days as per N.C.R. App. P. 27(b) because Mr. Peters was served by United States mail) after 19 August 1999, or on 13 September 1999 (12 September 1999 was a Sunday), the proposed record on appeal became the record on appeal.

According to N.C.R. App. P. 12(a), "[w]ithin 15 days after the record on appeal has been settled by any of the procedures provided in this Rule 11 or Rule 18, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." This Court has not hesitated in the past to dismiss an appeal for failure to timely file the record on appeal as per N.C.R. App. P. 12(a). *See Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 519 S.E.2d 316 (1999) (appeal dismissed because *pro se* appellant violated the appellate rules, including failing to file the record on appeal within fifteen (15) days after it was settled in violation of Rule 12(a)); *see also Higgins v. Town of China Grove*, 102 N.C. App. 570, 402 S.E.2d 885 (1991) (violation of appellate rules led to dismissal in case where appellant failed to settle record and time for settling record had expired, thus record was not filed within fifteen (15) days as per Rule 12(a)).

Here, fifteen (15) days from 13 September 1999 was 28 September 1999, thus class counsel had until that date to file the record on appeal with this Court. Yet, they failed to do so. Instead, class counsel Daniel A. Kuehnert certified that he served a copy of a Rule 27 motion for extension of time on the appellees by United States mail on 28 September 1999. However, the envelope in which the motion was mailed to the appellees was postmarked 30 September 1999 and was not received until 1 October 1999. Furthermore, the motion for extension of time and the record on appeal were not filed with this Court until 5 October 1999. Defendants and several individual plaintiff class members ("plaintiff-appellees") immediately filed motions to deny the extension of time and to dismiss the appeal.

TAYLOR v. CITY OF LENOIR

[140 N.C. App. 337 (2000)]

Simply stated, the record on appeal was not timely filed with this Court in violation of N.C.R. App. P. 12(a). The sole reasons offered for the late filing were personal conflicts of class counsel Mr. Kuehnert. A district court hearing, a $1.4 million real estate closing, a mayoral debate, and a tight race for the office of Mayor of Morganton are by no means valid excuses for the violation of the North Carolina Appellate Rules. Mr. Kuehnert has previously been before this Court after having been sanctioned by the trial court for rule violations in other matters. *See Dodd v. Steele,* 114 N.C. App. 632, 442 S.E.2d 363, *review denied,* 337 N.C. 691, 448 S.E.2d 521 (1994); *see also Logan v. Logan,* 116 N.C. App. 344, 447 S.E.2d 485 (1994). We note that denial of class counsels' motion for extension of time and dismissal of this appeal will not prejudice any rights of the individual named class plaintiffs.

N.C.R. App. P. 25(a) states in pertinent part:

If after giving notice of appeal from any court, commission, or commissioner the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed.

The time deadlines set out in our appellate rules are important and should be followed. Not only was class counsel late in filing the record on appeal in violation of N.C.R. App. P. 12(a), but they also failed to file their motion for extension of time within the deadline prescribed for the record on appeal. Class counsel also did not petition this Court for a writ of certiorari.

We are aware that, pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, at our discretion, this Court could choose to suspend the requirements of the Rules of Appellate Procedure and thereby address the merits of defendant's argument. N.C.R. App. P. 2 ("[t]o prevent manifest injustice to a party, . . . appellate [court] may, . . . suspend or vary the requirements . . . of any of [the appellate] rules . . ."). However we choose not to do so with the case at bar as no "manifest injustice to a party" is at issue in this civil case. Here, class counsel, who has a history of disregard for the rules of our courts, violated the appellate rules, therefore class counsel should be held accountable for their actions. We note again that individual plaintiffs suffer no harm from our ruling, and in fact, several individual plaintiffs filed briefs during this appeal objecting to class counsel's claim for attorney fees.

## TAYLOR v. CITY OF LENOIR

[140 N.C. App. 337 (2000)]

This Court has recently dismissed appeals for appellate rules violations. *See Bowen v. N.C. Dep't of Health and Human Servs.*, 135 N.C. App. 122, 519 S.E.2d 60 (1999); *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 519 S.E.2d 316 (1999); *Talley v. Talley*, 133 N.C. App. 87, 513 S.E.2d 838, *review denied*, 350 N.C. 599, 537 S.E.2d 495 (1999); *Webb v. McKeel*, 132 N.C. App. 816, 513 S.E.2d 596 (1999); *Duke University v. Bishop*, 131 N.C. App. 545, 507 S.E.2d 904 (1998).

Class counsel's motion for extension of time is denied, and defendants' and plaintiff-appellees' motions to dismiss are granted.

Appeal dismissed.

Judge SMITH concurs.

Judge WALKER dissents in a separate opinion.

Judge WALKER dissenting.

I respectfully dissent from the majority's decision to dismiss the appeal in this case.

The record indicates that class counsel for the plaintiffs timely served the proposed record on appeal. Defendants-appellees did not file any objections. Class counsel asserts he realized the proposed record on appeal became the record on appeal the day it was due in this Court. That same day, class counsel states he conferred with the administrative counsel for this Court and determined that the appellate rules do not provide for an oral motion directed to this Court to extend the time to file the record on appeal. On the following day, 29 September 1999, class counsel states he placed in the mail to this Court the record on appeal and a motion to extend the time to file the record on appeal. However, this mailing was not postmarked until 30 September 1999.

This Court routinely suspends the rules in criminal cases in order to decide the appeal on the merits notwithstanding rule violations. In *State v. SanMiguel*, 74 N.C. App. 276, 328 S.E.2d 326 (1985), the record on appeal did not contain a copy of the notice of appeal nor an appeal entry showing that appeal was taken orally. This Court treated the purported appeal as a petition for a writ of certiorari in order to decide the case on its merits.

TAYLOR v. CITY OF LENOIR

[140 N.C. App. 337 (2000)]

In civil cases, I find this Court to be inconsistent in enforcing rule violations as demonstrated by the following cases: In *Wiseman v. Wiseman*, 68 N.C. App. 252, 314 S.E.2d 566 (1984), this Court stated that the Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal. However, even though the petitioner had violated at least four appellate rules, the *Wiseman* court suspended the rules stating, "it cannot be said that petitioner's various rule violations have markedly increased the difficulty of our task in evaluating this appeal. . . ."

In *Anderson v. Hollifield*, 123 N.C. App. 426, 473 S.E.2d 399 (1996), the judgment was filed on 1 March 1995 and plaintiff's appeal entries were filed 12 May 1995 (42 days late). This Court noted there were numerous rule violations by the plaintiff; however, the appeal was treated as a petition for writ of certiorari in order to "pass upon the merits of the questions raised." Judge Smith dissented on the grounds that this Court did not have jurisdiction, since the plaintiff had not petitioned for a writ of certiorari; thus, the rules could not be suspended. The Supreme Court agreed that this Court had jurisdiction to review the trial court's judgment and held the appellate court may issue a writ of certiorari in such a case. 345 N.C. 480, 480 S.E.2d 661 (1997).

In *Adams v. Kelly Springfield Tire Co.*, 123 N.C. App. 681, 474 S.E.2d 793 (1996), Judge Smith, writing for the Court, first noted:

> This appeal is flawed by numerous and substantial errors of appellate procedure. Our Rules of Appellate Procedure are mandatory and subject on appeal to dismissal.

This Court then enumerated the numerous errors by both parties to the appeal. However, this Court held:

> Notwithstanding the stark errors committed by defendant in presenting the appeal, we exercise our discretion, pursuant to N.C. R. App. P. 2, to suspend the rules and decide the case on the merits.

Later, in *Onslow County v. Moore*, 127 N.C. App. 546, 491 S.E.2d 670 (1997), Judge Smith, writing for the Court, held:

> Because the trial court's purported extension of time to file the records on appeal was ineffective, and because the records on appeal were not filed within the times mandated by the Rules of

Appellate Procedure, both parties' appeals are dismissed. (J.J. Wynn and Walker concurring).

On appeal, our Supreme Court entered the following order:

The opinion of the Court of Appeals dismissing the appeals is vacated and the matter is remanded to the Court of Appeals for consideration of the appeals on the merits. 347 N.C. 672, 673, 500 S.E.2d 88, 89 (1998).

The majority notes the record on appeal was not filed with this Court until 5 October 1999 (October 2 and 3 were a Saturday and Sunday). However, I find that the defendants-appellees were not prejudiced by the late filing of several days and such did not delay this Court's calendaring the case for argument.

Next, the majority cites two cases in which class counsel has been sanctioned by the trial court for rule violations. In both of the cases, the actions of class counsel occurred seven years ago and do not involve appellate rule violations. Furthermore, in one case, this Court reversed the sanctions imposed by the trial court and remanded the case for further action. We do not know the outcome of that matter. I find it particularly disturbing that this Court would cite this unrelated conduct on the part of class counsel as having been taken into consideration in the decision to dismiss this appeal.

Further, the majority states that class counsel did not petition this Court for a writ of certiorari. However, after appellees filed their motion to dismiss, class counsel moved this Court for "further order as may be just and proper in order to assure that this appeal is properly and fairly heard on its merits." This was sufficient.

I do not excuse class counsel's failure to timely file the record on appeal in this case. However, I vote to suspend the rules and decide the case on its merits as this case falls within the category of cases that Appellate Rule 2 is directed: "to prevent manifest injustice to a party or to expedite decision in the public interest. . . ." N.C. R. App. P. 2. I would further impose sanctions by taxing class counsel with the costs in this appeal.

Having determined that this appeal should be decided on its merits for the reasons stated, I would reverse the trial court's order of 5 March 1999 and remand the case for further proceedings.

It is apparent from the record and the trial court's comments that this class action lawsuit caused the City of Lenoir in 1995 to enroll its

then current and certain former employees, including 62 law enforcement officers (members of plaintiffs' class), in the North Carolina Local Government Employees' Retirement System (LGERS). On remand, the trial court should address this issue of causation in its order.

The trial court, in its order, concluded in part:

4. The Court concludes that the plaintiff members' interests in present and/or future LGERS benefits to be paid from or into the LGERS as [a] result of the effective July 1, 1995, conversion of the City of Lenoir Pension Plan to LGERS are not an identifiable amount of monies subject to sufficient control of this Court. The Court concludes as a matter of law, it does not exercise control over these benefits to make any disbursements from such benefits or monies, which therefore do not constitute a common fund from which this Court can order the payment of attorneys fees. . . .

I disagree. Based on recent decisions from this Court and our Supreme Court, and the federal courts, I conclude there is a "common fund" over which the trial court can exercise control and order the payment of attorney fees. *See Bailey v. North Carolina*, 348 N.C. 130, 500 S.E.2d 54 (1998); *Faulkenbury v. The Retirement System*, 345 N.C. 683, 483 S.E.2d 422 (1997); and *Simpson v. N.C. Local Gov't Employees' Retirement System*, 88 N.C. App. 218, 363 S.E.2d 90 (1987), *affirmed per curiam*, 323 N.C. 362, 372 S.E.2d 559 (1988); *Herbert Newberg and Alba Conte, Newberg on Class Actions* §§ 13.52, 13.54 (1992).