An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1383

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

v.

KEVIN CHRISTOPHER KELLY

Buncombe County
No. 13 CRS 1609

Appeal by defendant from order entered 3 July 2013 by Judge Jeffrey P. Hunt in Buncombe County Superior Court. Heard in the Court of Appeals 4 August 2014.

>*Attorney General Roy Cooper, by Assistant Attorney General Carolyn McLain, for the State.*

>*Don Willey for defendant-appellant.*

ERVIN, Judge.

Defendant Kevin Christopher Kelly appeals from an order placing him on probation pursuant to N.C. Gen. Stat. § 90-96 based upon a jury verdict finding him guilty of possession of drug paraphernalia and possession of marijuana. On appeal, Defendant contends that the trial court erred by denying his motion to dismiss for insufficiency of the evidence. After careful consideration of Defendant's challenges to the trial

court's order in light of the record and the applicable law, we conclude that the trial court's order should remain undisturbed.

## I. Factual Background

### A. Substantive Facts

On 25 January 2013, two officers of the Asheville Police Department encountered Defendant in a parking lot. At that time, the officers saw a man hand Defendant a cigarette, which Defendant put in his mouth. When he saw the officers, Defendant's "eyes got very big, and he tossed the cigarette into the roadway." After the officers stopped to investigate, one of them collected the cigarette. At trial, the officers, based upon their training and experience, testified that the cigarette contained marijuana. Defendant, on the other hand, testified that visibility conditions at the time of the incident in question were poor and that he never possessed the marijuana cigarette described by the arresting officers.

### B. Procedural History

On 25 January 2013, a citation charging Defendant with possession of drug paraphernalia and possession of marijuana was issued. On 18 April 2013, Judge James Calvin Hill of the Buncombe County District Court found Defendant guilty as charged and, after initially entering an order of conditional discharge placing Defendant on probation pursuant to N.C. Gen. Stat. § 90-

96, entered a judgment sentencing Defendant to a term of 10 days incarceration, with that term being suspended and Defendant being placed on supervised probation for 12 months on the condition that Defendant pay a fine of $75.00 and the costs and comply with the usual terms and conditions of probation. Defendant noted an appeal from Judge Hill's judgment to the Buncombe County Superior Court for a trial *de novo*.

The charges against Defendant came on for trial before the trial court and a jury at the 1 July 2013 criminal session of the Buncombe County Superior Court. On 2 July 2013, the jury returned a verdict convicting Defendant of possession of drug paraphernalia and possession of marijuana.[1] After accepting the jury's verdict, the trial court entered an order of conditional discharge pursuant to N.C. Gen. Stat. § 90-96 under which Defendant was placed on supervised probation for a period of one year on the condition that he pay the costs, obtain a mental health assessment, and comply with the usual terms and conditions of probation and that he return for a further hearing to determine the extent to which he had complied with the terms and conditions of probation on 7 July 2014. Defendant noted an appeal to this Court from the trial court's order.[2]

---

[1] The jury also found Defendant not guilty of a second degree trespass charge that had also been lodged against him.

## II. Substantive Legal Analysis

In his sole challenge to the trial court's judgment, Defendant contends that the trial court erred by denying his motion to dismiss the charges that had been lodged against him because the officers' visual identification of the substance in the cigarette recovered from the parking lot as marijuana was insufficient to support a determination that he possessed drug paraphernalia and marijuana. As Defendant candidly concedes, however, we have previously rejected an identical argument in *State v. Johnson*, __ N.C. App. __, __, 737 S.E.2d 442, 451, *mandamus petition dismissed*, 366 N.C. 566, 738 S.E.2d 395 (2013), on the grounds that "officers with proper training and experience may opine that a substance is marijuana" and that such an identification is sufficient to withstand a defendant's

---

[2]The extent to which an order of conditional discharge is an appealable final judgment or an unappealable interlocutory order was not addressed in either party's brief and has not been previously resolved by this Court. In order to avoid the necessity for deciding an unaddressed jurisdictional issue and to ensure that Defendant's challenge to the jury's determination of guilt is heard and considered in a timely manner, we elect, in the exercise of our discretion, to treat the record and briefs as a petition for the issuance of a writ of *certiorari* pursuant to N.C.R. App. P. 21(a)(1) (authorizing this Court to grant the writ of *certiorari* to permit review "when no right of appeal from an interlocutory order exists"), to grant the petition, and to review Defendant's challenge to the jury's verdicts on the merits. *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (stating that "we conclude that Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by *certiorari* even if the party has failed to file notice of appeal in a timely manner").

motion to dismiss a possession charge. As a result, since Defendant's sole challenge to the trial court's order lacks merit, that order should, and hereby does, remain undisturbed.

NO ERROR.

Judges ROBERT C. HUNTER and STEPHENS concur.

Report per Rule 30(e).