VERNON RICHARDSON, AND PEARLINE RICHARDSON, PLAINTIFFS v. WILLIAM ROOSEVELT BINGHAM, DEFENDANT AND THIRD-PARTY PLAINTIFF v. LONNIE SNEED, JR., THIRD-PARTY DEFENDANT

No. 9014SC364

(Filed 19 February 1991)

1. **Appeal and Error § 372 (NCI4th)— proposed record on appeal— extension of time to serve ineffective**

    The trial court's order extending the time during which plaintiffs could serve the proposed record on appeal was ineffective in that it was made after the expiration of the thirty-five day period during which plaintiffs were required by Rule 11(a) to serve the proposed record on appeal; it was made upon plaintiffs' oral motion in violation of Rule 27(c)(1); and the record did not reflect that the other parties were given notice or an opportunity to be heard as required by Rule 27(c)(1).

    **Am Jur 2d, Appeal and Error §§ 293, 295.**

2. **Appeal and Error § 384 (NCI4th)— record on appeal—filing not timely**

    Plaintiffs' appeal is dismissed for failure to file the record on appeal within fifteen days after the record was settled. N.C.R. App. P. 12(a).

    **Am Jur 2d, Appeal and Error §§ 293, 295.**

APPEAL by plaintiffs from order entered 3 November 1989 in DURHAM County Superior Court by *Judge Orlando F. Hudson.* Heard in the Court of Appeals 16 November 1990.

*Albert L. Willis for plaintiff-appellants.*

*Spears, Barnes, Baker, Wainio, Brown & Whaley, by Robert H. Griffin, for defendant-appellee.*

RICHARDSON v. BINGHAM

[101 N.C. App. 687 (1991)]

GREENE, Judge.

Plaintiffs, Vernon and Pearline Richardson, appeal from the trial court's order of 3 November 1989, allowing the motion of William Roosevelt Bingham (defendant), and dismissing this case for insufficiency of process and insufficiency of service of process. Third-party defendant, Lonnie Sneed, Jr., is not a party to this appeal.

In pertinent part, the trial court's order provides:

[I]t appearing to the Court that the Plaintiff attempted service on the Defendant by means of publication pursuant to Rule 4(j1) of the North Carolina Rules of Civil Procedure, that the Plaintiff was aware of and had knowledge of the Defendant's current address, to wit 2410 Oakridge Boulevard, Durham, North Carolina, that the Defendant was in fact residing at 2410 Oakridge Boulevard, Durham, North Carolina, at the time of and prior to the first publication, and that the Plaintiff failed to mail to the Defendant at or immediately prior to the first publication a copy of the notice of service of process by publication; and it therefore appearing [defendant's motion to dismiss] should be allowed;

IT IS THEREFORE ORDERED that the Defendant's Motion is granted, and that this action is hereby DISMISSED.

On appeal, defendant moves this Court to dismiss plaintiffs' appeal upon the grounds that, among other things, plaintiffs did not timely serve the proposed record on appeal to all parties as required by N.C.R. App. P. 11 (1990), nor did plaintiffs make a timely motion to extend the time to do so; plaintiffs, after the expiration of the time for serving the proposed record on appeal, obtained an *ex parte* order upon plaintiffs' oral motion for an extension of time in violation of N.C.R. App. P. 27(c)(1) (1990); and plaintiffs failed to file with this Court the final record on appeal within the time provided by N.C.R. App. P. 11 and 12 (1990).

The record indicates plaintiffs filed notice of appeal on 9 November 1989. On 12 January 1990, the trial court granted plaintiffs' oral motion for an extension of time, allowing plaintiffs until 31 January 1990 to serve the record on appeal. Plaintiffs served the proposed record on appeal on 25 January 1990. The final record on appeal was filed in this Court on 6 April 1990.

RICHARDSON v. BINGHAM

[101 N.C. App. 687 (1991)]

The dispositive issue is whether this appeal should be dismissed because plaintiffs failed to comply with the North Carolina Rules of Appellate Procedure.

## Rule 11

Rule 11(a) of the Rules of Appellate Procedure provides that where no transcript is ordered, as is the case here, the parties may by agreement settle a proposed record on appeal within thirty-five days of filing notice of appeal. Rule 11(b) provides that if the record on appeal is not settled under Rule 11(a), appellant shall within the same time, i.e., within thirty-five days after filing notice of appeal, serve upon all parties a proposed record on appeal. Here, the proposed record on appeal was not settled by agreement of the parties as provided by Rule 11(a), and plaintiffs' proposed record on appeal was served 25 January 1990, more than thirty-five days after notice of appeal, filed 9 November 1989.

## Rule 27

[1] With exceptions not relevant to this appeal, the times prescribed by the Rules of Appellate Procedure for doing acts required or allowed by the rules may be extended. Rule 27 provides in part:

> The trial tribunal for good cause shown by the appellant may extend once for no more than 30 days the time permitted by Rule 11 for the service of the proposed record on appeal.

> Motions for extensions of time made to a trial tribunal may be made orally or in writing and without notice to other parties and may be determined at any time or place within the state. Such motions may be determined *ex parte*, but the moving party shall promptly serve on all other parties to the appeal a copy of any order extending time. *Provided that motions made after the expiration of the time allowed in these rules for the action sought to be extended must be in writing and with notice to all other parties and may be allowed only after all other parties have had opportunity to be heard.*

N.C.R. App. P. 27(c)(1) (1990) (emphasis added).

Here, the trial court's order of 12 January 1990 extending the time during which plaintiffs could serve the proposed record on appeal was ineffective in that it was made after the expiration of the thirty-five day period during which plaintiffs were required by Rule 11(b) to serve the proposed record on appeal, it was made

upon plaintiffs' oral motion in violation of Rule 27(c)(1), and the record does not reflect the other parties, here the defendant and third-party defendant, were given notice or an opportunity to be heard as required by 27(c)(1).

## Rule 12(a)

[2]   Finally, N.C.R. App. P. 12(a) (1990) provides that the record on appeal is to be filed with the appellate court to which appeal is taken within fifteen days after the record is settled by any of the procedures in Rule 11. Rule 11(c) provides that within fifteen days after the proposed record on appeal is served the appellee may serve upon all other parties objections or amendments to the proposed record, or an alternative proposed record. N.C.R. App. P. 11(c) (1990). The appellant then has ten days from the expiration of this fifteen-day period to request a judicial settlement of the record on appeal. *Id.* If a timely request for judicial settlement is not made, "the record on appeal is thereupon settled in accordance with the appellee's objections, amendments or proposed alternative record on appeal." *Id.*

Even assuming the trial court's order extending plaintiffs' time to serve the proposed record on appeal was effective, then under Rule 11(c) defendant had fifteen days from 25 January 1990, or until 9 February 1990, to file objections, amendments or an alternative proposed record on appeal. While defendant actually filed objections and amendments on 6 February 1990, under Rule 11(c) plaintiffs had ten days from 9 February 1990, or until 19 February 1990, to request judicial settlement. Plaintiffs concede no such request for a judicial settlement was made and that the record on appeal was therefore settled in accordance with defendant's objections and amendments on 19 February 1990. Accordingly, under Rule 12(a), the final record on appeal was to be filed with this Court within fifteen days after the record was settled on 19 February 1990, or by 6 March 1990. The record was not filed until 6 April 1990.

## Conclusion

The Rules of Appellate Procedure are mandatory, and since plaintiffs failed in several respects to comply with the applicable rules, particularly Rules 11, 12(a) and 27, and upon defendant's motion, plaintiffs' appeal is dismissed. N.C.R. App. P. 25 (1990) (appeal may be dismissed upon motion of party upon failure to timely comply with rules); *Craver v. Craver*, 298 N.C. 231, 258

S.E.2d 357 (1979) (appellate rules are mandatory and failure to comply works a loss of right to appeal).

Dismissed.

Judges PHILLIPS and ORR concur.