TELERENT LEASING CORP. v. BARBEE

[102 N.C. App. 129 (1991)]

———————

TELERENT LEASING CORPORATION, PLAINTIFF v. ALLEN C. BARBEE, AND SHONOCA, INC., TRADING AS THE SHERATON HOTEL, ORIGINAL DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. H. WILLIAM HULL, PARTNER; AND WESTRIDGE HOMES, A GENERAL PARTNERSHIP; AND LUMINA AVENUE CORPORATION, THIRD-PARTY DEFENDANTS

No. 907SC151

(Filed 5 March 1991)

**Appeal and Error § 119 (NCI4th)— pending contract action— summary judgment in third party indemnity action—premature appeal**

The third party plaintiffs' appeal from an order of summary judgment dismissing their claim that, in buying their hotel, third party defendants agreed to assume their obligations under a lease with plaintiff is premature, since third party plaintiffs' liability to plaintiff for lease of television sets

for use in their hotel has not been established, and third party plaintiffs therefore have no need of third party defendants' indemnity and may never need it.

**Am Jur 2d, Appeal and Error § 92.**

APPEAL by original defendants/third-party plaintiffs from order entered 28 September 1989 by *Judge Richard B. Allsbrook* in NASH County Superior Court. Heard in the Court of Appeals 6 December 1990.

*Robert G. Bowers for plaintiff appellee.*

*Valentine, Adams, Lamar, Etheridge & Sykes, by William D. Etheridge and Sharon Rose Britt, for original defendants/third-party plaintiffs appellants.*

*Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler, for third-party defendants appellees.*

PHILLIPS, Judge.

This appeal does not involve the plaintiff, whose claim for rents allegedly owed by the original defendants for leasing 147 of plaintiff's television sets for use in their hotel at Wrightsville Beach is still pending. The appellants' appeal is from an order of summary judgment dismissing their claim that in buying their hotel on 22 January 1987 the third-party defendants agreed to assume their obligations under the lease with plaintiff.

Though not raised by the parties, the appeal is unauthorized and we dismiss it upon our own motion. The appeal is premature because it is from an interlocutory order that does not affect a substantial right that may suffer injury if appeal is delayed until final judgment is entered. G.S. 1-277; G.S. 7A-27; *Veazey v. City of Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Since the appellants' liability to the plaintiff has not been established, they have no need of the appellees' indemnity now and may never need it. The time to pursue their appeal from the order denying their claim for indemnity is not now, but after the need for such indemnity has been established. Our function as an appellate court is not to determine idle, speculative questions of no immediate benefit to anyone.

Appeal dismissed.

Judges ORR and GREENE concur.