JIMMIE C. HIGGINS AND WIFE, JUDY HIGGINS v. TOWN OF CHINA GROVE, A MUNICIPAL CORPORATION WITH JAMES F. MORTON AS MAYOR

No. 9019SC964

(Filed 16 April 1991)

**Appeal and Error § 368 (NCI4th) — failure to settle record — appeal dismissed**

> An appeal was dismissed where plaintiffs never served their proposed record on defendants, the record was not settled by agreement of the parties pursuant to Rule 11(a) of the North Carolina Rules of Appellate Procedure, plaintiffs violated Rule 12(a) of the North Carolina Rules of Appellate Procedure, which requires that the appellant file the record with the Court of Appeals fifteen days after it has been settled, and the plaintiffs also violated Rule 9(a)(1)i of the North Carolina Rules of Appellate Procedure, which requires that the record include a copy of any agreement, notice of approval, or orders settling the record on appeal.

**Am Jur 2d, Appeal and Error §§ 444, 450, 451.**

APPEAL by plaintiffs from order entered 13 July 1990 in ROWAN County Superior Court by *Judge Lester P. Martin, Jr.* Heard in the Court of Appeals 21 March 1991.

**HIGGINS v. TOWN OF CHINA GROVE**

[102 N.C. App. 570 (1991)]

*Corriher, Dooley & Locklear, by Richard D. Locklear, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and Angela L. DeMent, for defendant-appellee.*

GREENE, Judge.

Plaintiffs appeal the trial court's order entered 13 July 1990 in which the trial court granted the defendant's motion for summary judgment.

The defendant urges this Court to dismiss the plaintiffs' appeal on the ground that the plaintiffs "have substantially failed to comply with the North Carolina Rules of Appellate Procedure . . . ." Specifically, the defendant argues that, among other things, the plaintiffs did not settle the record on appeal prior to filing it with this Court.

This appeal must be dismissed because the plaintiffs did not follow at least three of our Rules of Appellate Procedure.

First, "Rule 11(a) of the Rules of Appellate Procedure provides that where no transcript is ordered, as is the case here, the parties may by agreement settle a proposed record on appeal within thirty-five days of filing notice of appeal. Rule 11(b) provides that if the record on appeal is not settled under Rule 11(a), appellant shall within the same time, i.e., within thirty-five days after filing notice of appeal, serve upon all parties a proposed record on appeal." *Richardson v. Bingham*, 101 N.C. App. 687, 689, 400 S.E.2d 757, 759 (1991). The thirty-five day time limit may be extended. N.C.R. App. P. 11(f). We note that although this case is decided pursuant to the Rules of Appellate Procedure in effect as of 13 July 1990, the thirty-five day time limit remains unaffected by the 1990 Amendment which became effective 1 October 1990. Here, the record was not settled by agreement of the parties pursuant to Rule 11(a), and even though the trial court extended to fifty days the time allowed the plaintiffs to serve their proposed record, it was never served upon the defendant pursuant to Rule 11(b). Furthermore, since the plaintiffs' notice of appeal was filed on 18 July 1990, the time for settling the record has now expired.

Second, N.C.R. App. P. 12(a) provides that the appellant shall file the record with this Court fifteen days after it has been settled. We note that this fifteen day time limit has not been altered by

the 1990 Amendment. Because the record was never settled and the time for settling the record has expired, the plaintiffs have violated N.C.R. App. P. 12(a).

Third, because there was no settlement of the record, the plaintiffs have also violated N.C.R. App. P. 9(a)(1)(i) which requires that the record include a copy "of any agreement [Rule 11(a)], notice of approval [Rule 11(b)], or order settling the record on appeal [Rule 11(c)]. . . ."

Accordingly, because the Rules of Appellate Procedure are mandatory, the plaintiffs' appeal is dismissed. N.C.R. App. P. 25(b) and 34(b)(1); *see also Richardson*, 101 N.C. App. at 690-91, 400 S.E.2d at 760.

Dismissed.

Judges PHILLIPS and PARKER concur.