RENEE G. KELLIHAN, Administratrix of the Estate of DALTON KELLIHAN, Deceased, and RENEE G. KELLIHAN AND ROBERT KELLIHAN, Individually, Plaintiffs v. F. RAY THIGPEN, M.D., WHITEVILLE MEDICAL ASSOCIATES, P.A., and COLUMBUS COUNTY HOSPITAL, INC., Defendants

No. COA99-1512

(Filed 5 December 2000)

**Appeal and Error— appellate rules—multiple violations—appeal dismissed**

Plaintiffs' appeal from the trial court's order granting partial summary judgment in favor of defendants on the issue of negligent infliction of emotional distress is dismissed based on plaintiffs' failure to follow the Rules of Appellate Procedure.

Appeal by plaintiffs from an order entered 3 June 1999 by Judge Abraham Penn Jones in Columbus County Superior Court. Heard in the Court of Appeals 18 October 2000.

*Britt & Britt, PLLC, by William S. Britt, for plaintiff-appellants.*

*Walker, Clark, Allen, Herrin & Morano, L.L.P., by Scott T. Stroud, for defendant-appellees F. Ray Thigpen, M.D. and Whiteville Medical Associates, P.A.*

*Marshall, Williams & Gorham, L.L.P., by John D. Martin, for defendant-appellee Columbus County Hospital, Inc.*

HUNTER, Judge.

Renee G. Kellihan, Administratrix of the Estate of Dalton Kellihan, deceased, and Renee G. Kellihan, and Robert Kellihan, individually (herein collectively "plaintiffs"), appeal from the trial court's order granting partial summary judgment on the issue of negligent infliction of emotional distress in favor of Frank Ray Thigpen, M.D., Whiteville Medical Associates, P.A., and Columbus County Hospital, Inc. (herein collectively "defendants"). Plaintiffs bring forward one assignment of error, while defendants cross-appeal with a second. However, we are unable to reach the merits of these arguments as this appeal must be dismissed for violation of our appellate rules.

KELLIHAN v. THIGPEN

[140 N.C. App. 762 (2000)]

On 14 January 1994, Renee Kellihan gave birth to an infant that was delivered by emergency caesarian section at Columbus County Hospital, located in Whiteville, North Carolina. Complications at birth—the infant was not breathing and had a poor heart rate—caused the hospital staff to have to intubate the infant with an endotracheal ("ET") tube. After a short amount of time, a chest x-ray was performed on the infant to check the placement of the ET tube. The x-ray found that the tip of the ET tube might have been within the infant's esophagus. Hospital staff extubated, and then reintubated the infant. Immediately, the infant's heart rate increased and his skin color became pink. The infant, however, remained in critical condition and died four days later on 18 January 1994.

Plaintiffs instituted this action by filing a complaint on 21 August 1997 alleging wrongful death and negligent infliction of emotional distress. On 11 March 1999, defendants filed a motion for partial summary judgment on the negligent infliction of emotional distress claim. This motion was heard before the Honorable Abraham Penn Jones at the 12 April 1999 Civil Session of Columbus County Superior Court. On 3 June 1999, Judge Jones issued an order allowing partial summary judgment on the negligent infliction of emotional distress issue. Plaintiffs subsequently filed a notice of voluntary dismissal on 6 June 1999 as to their wrongful death claim. Then on 14 June 1999, plaintiffs filed their notice of appeal as to Judge Jones' order.

"The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal." *Wiseman v. Wiseman,* 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). The rules "are designed to keep the process of perfecting an appeal flowing in an orderly manner." *Craver v. Craver,* 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979). " 'Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process' " *Id.* (quoting *Ledwell v. County of Randolph,* 31 N.C. App. 522, 523, 229 S.E.2d 836, 837 (1976)).

In settling the record on appeal, N.C.R. App. P. 11(c) states in pertinent part:

> If any appellee timely serves amendments, objections, or a proposed alternative record on appeal, the appellant or any other appellee, within 10 days after expiration of the time within which the appellee last served might have served, may in writing request the judge from whose judgment, order, or other determination appeal was taken to settle the record on appeal. . . . If only one

appellee or only one set of appellees proceeding jointly have so served, and no other party makes timely request for judicial settlement, the record on appeal is thereupon settled in accordance with the appellee's objections, amendments or proposed alternative record on appeal. If more than one appellee proceeding separately have so served, failure of the appellant to make timely request for judicial settlement results in abandonment of the appeal as to those appellees, unless within the time allowed an appellee makes request in the same manner.

At bar, plaintiffs timely served the proposed record on appeal on defendants. On 25 and 26 October 1999, defendants timely notified plaintiffs of their objections and amendments to the proposed record by letter sent via United States mail. Plaintiffs failed to respond to defendants or to make a request for judicial settlement. As a result, the proposed record on appeal, in conformity with defendants' objections and amendments, became the record on appeal thirteen (13) days later (ten (10) days as per N.C.R. App. P. 11(c) plus three (3) days as per N.C.R. App. P. 27(b) since defendants served their objections and amendments by United States mail) on 8 November 1999.

According to N.C.R. App. P. 12(a), "[w]ithin 15 days after the record on appeal has been settled by any of the procedures provided in this Rule 11 or Rule 18, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." This Court has not hesitated in the past to dismiss an appeal for failure to timely file the record on appeal pursuant to N.C.R. App. P. 12(a). *See Taylor v. City of Lenoir*, 140 N.C. App. 337, 536 S.E.2d 848 (2000), *opinion superseded on rehearing*, 141 N.C. App. 660, 542 S.E.2d 222 (2001) (appeal dismissed due to class counsels' violation of Rule 12(a)'s mandate to file the record on appeal within fifteen (15) days after it had been settled); *see also Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 519 S.E.2d 316 (1999) (appeal dismissed because *pro se* appellant violated the appellate rules, including failing to file the record on appeal within fifteen (15) days after it was settled in violation of Rule 12(a)); *see also Higgins v. Town of China Grove*, 102 N.C. App. 570, 402 S.E.2d 885 (1991) (violation of appellate rules led to dismissal in case where appellant failed to settle record and time for settling record had expired, thus record was not filed within fifteen (15) days as per Rule 12(a)); *see also Richardson v. Bingham*, 101 N.C. App. 687, 400 S.E.2d 757 (1991) (plaintiff failed to request judicial settlement; thus record on appeal was settled in accordance with defendant's objections and amendments; and plaintiff's failure to file the

record with this Court within fifteen (15) days after settlement led to dismissal for violation of Rule 12(a)).

Here, plaintiffs had until 23 November 1999 (fifteen (15) days per N.C.R. App. P. 12(a) after 8 November 1999) to file the record on appeal with this Court, however, they failed to do so. Instead, plaintiffs attempted to serve defendants a second proposed record on appeal on 30 November 1999. Defendants asserted that this proposed record on appeal was still not complete and was not consistent with their previous objections and amendments. Thus defendants refused to sign this proposed record on appeal. Plaintiffs then filed the record on appeal with this Court on 3 December 1999. On that same date, plaintiffs filed a motion to deem the record timely filed. Subsequently defendants filed a motion to dismiss.

Plaintiffs violated N.C.R. App. P. 12(a) by filing the settled record on appeal with this Court after the fifteen (15) day time period under the rule had expired. Defendants make several other arguments that are compelling to warrant dismissal of plaintiffs' appeal. First, defendants contend that the record on appeal that has been filed with this Court is not yet in conformity with their objections and amendments that were served on plaintiffs on 25 and 26 October 1999. Defendants argue that the pleadings and documents presented in the record on appeal do not clearly depict the date on which they were filed with the court; their cross-assignment of error is incorrect as defendants are cross-appealing a previous trial court order regarding the negligent infliction of emotional distress claim; and lastly, the first motion for partial summary judgment made by defendants Thigpen and Whiteville Medical Associates, P.A. filed on 27 August 1998 is not included. The argument could be made that the record on appeal has never in fact been settled, but as we find other grounds for dismissal, we choose not to address this argument.

We note that plaintiffs' inclusion of pleadings and documents presented in the record on appeal that do not clearly depict the date on which they were filed with the court is in violation of N.C.R. App. P. 9(b)(3) which states, "[e]very pleading, motion, affidavit, or other paper included in the record on appeal shall show the date on which it was filed . . . . Every judgment, order, or other determination shall show the date on which it was entered. . . ."

Next, defendants argue that as they are separate appellees proceeding separately, failure of plaintiffs to make a timely request for judicial settlement after they were served with defendants' objec-

tions and amendments resulted in abandonment of their appeal as per N.C.R. App. P. 11(c). As there are other adequate grounds for dismissal, we choose not to address this issue here.

N.C.R. App. P. 25(a) states:

> If after giving notice of appeal from any court, . . . the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed. . . .

"The time deadlines set out in our appellate rules are important and should be followed." *Taylor v. City of Lenoir*, 141 N.C. App. 660, 664, 542 S.E.2d 222, 224. Plaintiffs failed to meet the time deadline set out in N.C.R. App. P. 12(a), and therefore their filing of the record on appeal in this case was late. This violation of our appellate rules subjects this appeal to dismissal on defendants' motion.

Our decision is consistent with other recent decisions dismissing appeals for appellate rules violations. *See Taylor v. City of Lenoir*, 140 N.C. App. 337, 341, 536 S.E.2d 848, 850; *Bowen v. N.C. Dep't of Health and Human Servs.*, 135 N.C. App. 122, 519 S.E.2d 60 (1999); *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 519 S.E.2d 316; *Talley v. Talley*, 133 N.C. App. 87, 513 S.E.2d 838, *review denied*, 350 N.C. 599, 537 S.E.2d 495 (1999); *Webb v. McKeel*, 132 N.C. App. 816, 513 S.E.2d 596 (1999); *Duke University v. Bishop*, 131 N.C. App. 545, 507 S.E.2d 904 (1998).

Furthermore, we have reviewed this case on its merits, and we conclude that plaintiffs' arguments are without merit.

Based on plaintiffs' violation of our appellate rules, we hereby dismiss this appeal.

Appeal dismissed.

Judges LEWIS and WYNN concur.