RONALD L. WHITE, AS EXECUTOR OF THE ESTATE OF GUNHILDE G. BRANDT, PLAINTIFF V. DORIS CARVER, TERRY MURPHY, BRANDT ANIMAL CARE FUND, INC., RONALD L. WHITE, AND DUKE UNIVERSITY, DEFENDANTS

No. COA05-326

(Filed 20 December 2005)

**Appeal and Error— appealability—interlocutory order— appellate rules violations**

Defendant Brandt Animal Care Fund Inc.'s (Fund) appeal from the trial court's 19 October 2004 order requiring an organizational meeting of the Fund's Board of Directors with the participation of plaintiff executor is dismissed, because: (1) the Fund failed to demonstrate why the Court of Appeals should consider its interlocutory appeal when the off-hand, after-the-fact statement of the trial court relied upon by the Fund does not in any way approach the certification requirements of N.C.G.S. § 1A-1, Rule 54(b), identification of any substantial right denied the Fund by compliance with the order and working consequent injury to it if not immediately corrected on appeal would be merely speculative and thus not properly before the Court of Appeals, and the fact that the parties do not like each other is an inherent characteristic of the judicial process which hardly constitutes a recognized basis for consideration of an interlocutory appeal under the substantial right exception; and (2) the appeal was not properly filed under the rules since there is no indication

**WHITE v. CARVER**

[175 N.C. App. 136 (2005)]

the Fund filed for judicial settlement of the record within the time period prescribed by N.C. R. App. P. 11.

Appeal by Brandt Animal Care Fund, Inc. from order entered 19 October 2004 by Judge Russell J. Lanier in Carteret County Superior Court. Heard in the Court of Appeals 15 November 2005.

*Young Moore and Henderson, P.A., by Marvin M. Spivey, Jr. and Anne E. Croteau, and Harvell & Collins, P.A., by Wesley A. Collins and Cecil Harvell, for plaintiff-appellee.*

*Allen and Pinnix, P.A., by M. Jackson Nichols, for defendant-appellant Brandt Animal Care Fund, Inc.*

JOHN, Judge.

Defendant Brandt Animal Care Fund, Inc. ("the Fund") appeals the trial court's 19 October 2004 order requiring an organizational meeting of the Fund's Board of Directors with the participation of Plaintiff Executor Ronald L. White ("White"). For the reasons discussed herein, the Fund's appeal is dismissed.

Pertinent procedural and factual background information includes the following: Gunhilde G. Brandt ("Brandt") died testate in Carteret County, North Carolina, on 10 June 2003. Brandt's will named White as Executor, and several provisions of the will directed White to distribute assets to the Fund. On 26 February 2004, White filed the instant declaratory judgment action against the Fund and several other defendants, asserting, *inter alia*, that the Fund was not properly organized and thus a justiciable controversy existed regarding whether the Fund should receive a "sizeable contribution" from Brandt's estate.

At a 29 July 2004 hearing, evidence introduced by the parties tended to show that Brandt filed Articles of Incorporation regarding the Fund in December 2002; that paragraph 9 of the Articles of Incorporation named Brandt and Leonard Jones ("Jones"), Brandt's former accountant, as initial directors of the Fund; and that, following Brandt's death, Jones held a purported organizational meeting of the Fund, during which his wife was appointed as a director of the Fund and filing of amended Articles of Incorporation reflecting her appointment was approved. On 19 August 2004, the trial court ruled the Fund was not properly organized under N.C. Gen. Stat. § 55A-2-05 (2003) (if initial directors "named in the articles of incorporation, the

initial directors shall hold an organizational meeting at the call of a majority of the directors"). After further determining White might act in the place of Brandt at a properly called organizational meeting of the Fund, the court also ordered White and Jones to hold such a meeting and declared any action taken by the Fund prior to said meeting void *ab initio*. The Fund subsequently filed a motion requesting reconsideration and amendment of the trial court's directives.

On 19 October 2004 and in response to the Fund's motion, the trial court entered an amended order ("the Order") which contained the following conclusions of law:

1. The [o]rder dated August 19, 2004 . . . is reconsidered.

2. As named in the original Articles of Incorporation, the initial Board of Directors of the Fund, [Brandt] and [Jones], could not hold an initial organizational meeting pursuant to N.C.G.S. § 55A-2-05 because [of] the death of [Brandt].

3. Pursuant to N.C.G.S. § 28A-13-3(a)(21), [White] shall be allowed to participate in the organizational meeting of [the Fund]. He shall be given at least ten (10) days notice[] of the time and place of the meeting.

Based upon these conclusions of law, the trial court ordered as follows:

II. The [o]rder dated August 19, 2004 . . . is stricken in its entirety[.]

II. [White] and Jones shall now have a valid organizational meeting of the Board of Directors of [the Fund] on or before October 29, 2004 pursuant to the requirements of N.C.G.S. § 55A-2-05.

III. Once the Fund is properly organized pursuant to the requirements of N.C.G.S. § 55A-2-05, the [claim of relief regarding the Fund] in the Declaratory Judgement Action is dismissed.

Notwithstanding, the Fund held a second purported organizational meeting on 26 October 2004, during which Jones again appointed his wife a director. Although invited to the meeting and in attendance, White was neither allowed to participate nor appointed a director. On 28 October 2004, White moved that the trial court dissolve the Fund and void the actions taken by it at the 26 October 2004 meeting.

WHITE v. CARVER

[175 N.C. App. 136 (2005)]

At an 8 November 2004 hearing, the trial court determined that, by refusing to appoint White a director and allow him to participate in the 26 October 2004 meeting, the Fund had failed to comply with the Order. The court thereafter orally reiterated its directive that the Fund appoint White director in place of Brandt and stated the Fund was to conduct an organizational meeting within one week with the participation of White.

Subsequently, the Fund filed Notice of Appeal of the Order. On 15 August 2005, White filed a motion with this Court to dismiss the Fund's appeal, asserting the appeal is interlocutory and further that the Fund failed to properly file the Record on Appeal. White's motion is on point in both regards.

In the case *sub judice*, the Order is directed only at issues involving the Fund set out in White's fifth claim for relief and leaves undisturbed multiple claims against the remaining defendants. Therefore, the Order is interlocutory. *See Howerton v. Grace Hospital, Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996) (trial court order "is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy") (citation omitted). Interlocutory orders may be appealed only "where there has been a final determination of at least one claim [] and the trial court certifies there is no just reason to delay the appeal, [or] if delaying the appeal would prejudice a 'substantial right.'" *Liggett Group v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993) (citations omitted). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218 (citation omitted), *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985). Accordingly, we proceed to consider whether appeal of the Order may properly be considered under the "no just reason to delay" or "substantial right" exceptions. *See id.*

In maintaining the propriety of its appeal under the "no just cause to delay" exception, the Fund points to a remark by the trial court at the 8 November hearing to the effect that "the way to get rid of what I've done is to appeal. You can handle it that way." The Fund insists the trial court's off-hand comment "is tantamount to a certification for appeal." This argument falls woefully short of the mark.

Initially, we note parenthetically that the trial court's 8 November 2004 oral directives were not included in the Fund's Notice of Appeal, which dealt exclusively with the Order dated 19 October 2004. This is significant in that the record is at best unclear as to whether the trial court was referencing the Order with the comments noted above.

Of far greater importance, however, is the fact that the Order itself contains no statement by the trial court that there was "no just reason for delay" of the appeal. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003) ("When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties *only if there is no just reason for delay and it is so determined in the judgment.*") (emphasis added); *Brown v. Brown*, 77 N.C. App. 206, 208, 334 S.E.2d 506, 508 (1985) ("Assuming *arguendo* that plaintiff's contention has merit, her appeal is still untimely because the trial court did not certify the action for appeal by finding that there was 'no just reason for delay.' Rule 54(b) expressly requires that this determination be stated in the judgment itself.") (citation omitted), *cert. denied*, 315 N.C. 389, 338 S.E.2d 878 (1986). In short, we do not believe the off-hand, after-the-fact statement of the trial court relied upon by the Fund in any way approaches the certification requirements of Rule 54(b).

Moreover, assuming *arguendo* some merit to the Fund's claim that the trial court's comments might somehow be construed as certification of the Order for appeal under Rule 54(b), we observe that a

trial court's determination that there is "no just reason for delay" of appeal, while accorded great deference, *see DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998), cannot bind the appellate courts because "ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court[.]" *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984); *see also McNeil v. Hicks*, 111 N.C. App. 262, 264, 431 S.E.2d 868, 869 (1993), *disc. review denied*, 335 N.C. 557, 441 S.E.2d 118 (1994) (Rule 54(b) certification "is not dispositive when the order appealed from is interlocutory").

*Anderson v. Atlantic Casualty Ins. Co.*, 134 N.C. App. 724, 726, 518 S.E.2d 786, 788 (1999). Suffice it to state that, for purposes of ruling

on the interlocutory nature of the instant appeal, we decline to accord any binding effect to the 8 November 2004 comments of the trial court relied upon by the Fund. *See id.*

Turning to the substantial right exception, we note at the outset that "[t]he appealability of interlocutory orders pursuant to [such] exception is determined by a two-step test. '[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment.' " *Miller v. Swann Plantation Development Co.*, 101 N.C. App. 394, 395, 399 S.E.2d 137, 138-39 (1991) (citation omitted). "Whether a substantial right is affected usually depends on the facts and circumstances of each case and the procedural context of the orders appealed from." *Estrada v. Jaques*, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984) (citation omitted). Most pertinently, it is "the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal," *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994), and not the responsibility of this Court to "construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order." *Id.* at 380, 444 S.E.2d at 254.

The Fund's assertions of the "substantial right" exception in the case *sub judice* have been advanced in its appellate brief, its response to White's motion to dismiss the appeal, and at oral argument. We consider each *ad seriatim.*

The Fund's appellate brief merely contains the bald assertion that "this matter[] affects a substantial right of Defendant Fund." We reiterate that it is not our responsibility to extrapolate from this simple claim any possible arguments in support thereof. *See id.*

The Fund is somewhat more detailed in its response to White's motion to dismiss its appeal. In summary, the Fund insists that "[b]ecause of [the] Order, every action taken by the . . . Fund since its date of incorporation is now subject to legal challenge[,]" and that a substantial right of the Fund has thus been impacted by the Order. We find these further claims by the Fund unpersuasive.

Interestingly, the Fund specifies no particular action it has taken that is threatened by the Order. Indeed, the record reflects no action yet taken by the Fund. The Order requires the Fund to hold an organizational meeting in which White is to be appointed a director and allowed to participate, and further provides that White's claims

against the Fund are to be dismissed upon organization of the Fund. However, the Fund has chosen to file its appeal prior to conducting the organizational meeting mandated by the Order. Identification of any substantial right denied the Fund by compliance with the Order and working consequent injury to it if not immediately corrected on appeal, *see Miller*, 101 N.C. App. at 395, 399 S.E.2d at 138-39, would therefore be merely speculative and thus not properly before this Court. *See Telerent Leasing Corp. v. Barbee*, 102 N.C. App. 129, 130, 401 S.E.2d 122, 123 (1991) ("Our function as an appellate court is not to determine idle, speculative questions of no immediate benefit to anyone.").

Finally, in response to inquiry by this Court at oral argument, counsel for the Fund asserted that White and Jones "did not like each other" and would be unable to settle their differences, thereby implying that the Fund's appeal should be entertained under the "substantial right" exception so as to expedite resolution of White's declaratory judgment action. Although we may take notice that nearly all litigation entails at best a modicum of implied disagreement and perhaps·personal hostility, this inherent characteristic of the judicial process hardly constitutes a recognized basis for our consideration of an interlocutory appeal under the "substantial right" exception.

The Fund's appeal is also subject to dismissal for failure to comply with the North Carolina Rules of Appellate Procedure ("the Rules"). "The time schedules set out in the [Rules] are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner." *Ledwell v. County of Randolph*, 31 N.C. App. 522, 523, 229 S.E.2d 836, 837 (1976). The parties are not permitted to decide for themselves when to ."take [the] next step in the appellate process." *Id.* "The Rules [] are mandatory," *Richardson v. Bingham*, 101 N.C. App. 687, 690, 400 S.E.2d 757, 760 (1991), and an appeal is subject to dismissal for noncompliance with filing deadlines required by the Rules. *See, e.g., Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 519 S.E.2d 316 (1999) (per curiam) (appeal dismissed for noncompliance with Rules).

Rule 12(a) of the Rules requires an appellant to file the Record on Appeal within fifteen days of settlement of the record. N.C.R. App. P. 12(a) (2005). The appellant must serve a proposed record on appeal upon the appellee who, within thirty days, may submit amendments, objections, or a proposed alternative record to the appellant. N.C.R. App. P. 11(c). Where the parties agree to the proposed record offered

**WHITE v. CARVER**

[175 N.C. App. 136 (2005)]

by the appellant or the amendments, objections, or proposed alternative record offered by the appellee, the agreed-upon record constitutes the settled Record on Appeal. *Id.* However, should the parties disagree as to the inclusion of certain materials, the appellant must either (i) file the disputed items concurrent with the proposed record within fifteen days, or (ii) file for judicial settlement of the record within ten days of expiration of the period for serving amendments, objections, and alternative proposed records. *See id.*; N.C.R. App. P. 12(a).

In the case *sub judice*, White served the Fund with amendments and objections to the proposed record on 18 January 2005. Although it appears the Fund thereafter corresponded with White and agreed to some of the latter's amendments and objections, there is no indication the Fund filed for judicial settlement of the record within the time period prescribed by Rule 11. By operation of Rules 11 and 12, therefore, the Record on Appeal was settled and the Fund was required to file it within the time limitations set out in the Rules. *See* N.C.R. App. P. 11, 12. However, the Fund continued to discuss contents of the record with White, who attempted to cooperate while expressly reserving the right to assert "untimely docketing of this record." Concurrence on composition of the record appears to have been reached in early March 2005. The Fund thereafter filed the Record on Appeal with this Court on 9 March 2005, a date, as discussed above, well outside the time period prescribed by the Rules. *See id.*

In conclusion, the Fund has failed to demonstrate why this Court should consider its interlocutory appeal, and further, said appeal has not been properly filed under the Rules. The Fund's purported appeal is therefore dismissed.

Appeal Dismissed.

Judges WYNN and STEELMAN concur.