THE CADLE COMPANY, Plaintiff v. ROBERT BUYNA, T/A
WHISPERS STYLING SALON, Defendant

No. COA06-792

(Filed 7 August 2007)

**Appeal and Error— record—not timely filed in Court of Appeals**

An appeal from a district court order dismissing plaintiff's complaint was properly dismissed for failure to timely file a settled record with the Court of Appeals.

Appeal by plaintiff from order entered 7 February 2006 by Judge Chester C. Davis in Forsyth County District Court. Heard in the Court of Appeals 27 March 2007.

*Parrish, Smith & Ramsey, LLP, by Steven D. Smith, for plaintiff-appellant.*

*David E. Shives, PLLC, by David E. Shives, for defendant-appellee.*

GEER, Judge.

Plaintiff, The Cadle Company, appeals from an order entered by the Forsyth County District Court dismissing plaintiff's attempted appeal of a prior order of the same court. Although the proceedings following plaintiff's filing of its first notice of appeal are confusing, at least this much is apparent: plaintiff failed to file a settled record on appeal with this Court within the time allowed by our appellate rules. As a result, the district court acted within its authority, pursuant to N.C.R. App. P. 25(a), when it dismissed plaintiff's appeal. Accordingly, we affirm.

CADLE CO. v. BUYNA

[185 N.C. App. 148 (2007)]

Facts and Procedural History

This appeal arises out of a dispute between the parties over a commercial lease. On 21 March 2005, plaintiff instituted an action in summary ejectment, and a magistrate granted judgment in plaintiff's favor. Defendant then appealed to the district court, which overruled the magistrate in an order dated 10 June 2005. In this order, Judge Lawrence J. Fine decreed: "Plaintiff's complaint and claims are dismissed, and the judgment of the Magistrate is superceded by this order in every respect." On 8 July 2005, plaintiff filed a notice of appeal "to the Superior Court of Forsyth County." On 19 August 2005, 42 days after the notice of appeal, plaintiff served defendant with a proposed record on appeal.

On 23 August 2005, defendant filed a motion to dismiss plaintiff's appeal, asserting: (1) that in violation of N.C.R. App. P. 3, plaintiff failed to direct its appeal to the proper court, i.e., to the Court of Appeals rather than "to the Superior Court of Forsyth County" and (2) that in violation of N.C.R. App. P. 11, plaintiff failed to serve its proposed record on appeal within the required 35-day time frame. At the 6 September 2005 hearing on defendant's motion to dismiss, plaintiff made an oral motion to extend the time to serve its proposed record on appeal. On 29 September 2005, Judge Lisa V.L. Menefee entered an order granting plaintiff's oral motion and deeming "timely filed" the proposed record that plaintiff served on 19 August 2005. Judge Menefee denied defendant's motion to dismiss the appeal, but granted him "30 days from the signing of this Order to serve objections or corrections to the Plaintiff/Appellant's Proposed Record on Appeal."

Subsequently, on 27 October 2005, defendant filed a "Notice of Appeal/Cross-Appeal" from Judge Menefee's order. On the same date, defendant also served his "Objections and Amendments" to plaintiff's proposed record on appeal. Over two months later, on 6 January 2006, plaintiff delivered a "final" record on appeal, by hand, to defendant.

On 13 January 2006, defendant filed his second motion to dismiss plaintiff's appeal, contending that "[t]he Record on Appeal has never been filed with the N.C. Court of Appeals." That motion to dismiss was accompanied by an affidavit of defendant's counsel, David E. Shives, and several exhibits. According to Mr. Shives, he made several unsuccessful attempts in early November 2005 to contact plaintiff's counsel regarding settlement of the record. On 16 November

2005, the two attorneys finally communicated and, according to Mr. Shives, plaintiff's counsel "stated that: (a) Plaintiff had no problem with Defendant's Objections and Amendments to Proposed Record on Appeal; and (b) that counsel for Plaintiff would prepare the final Record on Appeal."

On 26 January 2006, plaintiff filed with the district court a "Response to Motion to Dismiss and Motion to Extend Time Pursuant to Rule 27(c) of the North Carolina Rules of Appellate Procedure." Plaintiff asserted that it "feels that the Final Record on Appeal was properly submitted to the Defendant['s] attorney on January 6, 2006 and was ready to file same with the North Carolina Court of Appeals on that date and therefore was able to be timely served on the North Carolina Court of Appeals on January 6, 2006." In its response, plaintiff did not dispute Shives' assertion that "[p]laintiff had no problem with [d]efendant's Objections and Amendments" as of 16 November 2005. Indeed, according to plaintiff's version of the relevant events, "shortly" after 27 October 2005 "the Plaintiff[] and the Defendant[] *agreed* upon the contents and the setup of the 'Record on Appeal' for both the Order . . . by Judge Lawrence Fine and the Order of Judge Menefee . . . ." (Emphasis added.)

On 30 January 2006, Judge Chester C. Davis conducted a hearing on the pending motions. On 7 February 2006, the court entered an order denying plaintiff's motion for an extension of time and granting defendant's motion to dismiss plaintiff's appeal of the June 2005 decision by Judge Fine. Following the district court's dismissal of the appeal, plaintiff gave timely notice of appeal of Judge Davis' order.

## Discussion

"If after giving notice of appeal from any court, . . . the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, *the appeal may on motion of any other party be dismissed.*" N.C.R. App. P. 25(a) (emphasis added). The appellate rules that regulate the timing of the settlement and filing of the record on appeal are not arbitrary formalities, but " 'are designed to keep the process of perfecting an appeal flowing in an orderly manner.' " *Kellihan v. Thigpen*, 140 N.C. App. 762, 763, 538 S.E.2d 232, 234 (2000) (quoting *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979)). N.C.R. App. P. 12(a) establishes a 15-day window for the filing of a settled record on appeal with the clerk of the appel-

CADLE CO. v. BUYNA

[185 N.C. App. 148 (2007)]

late court: "Within 15 days after the record on appeal has been settled by any of the procedures provided in Rule 11 or Rule 18, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken."

In determining whether Judge Davis properly dismissed plaintiff's appeal, we first observe that Judge Menefee had no authority, under the circumstances of this case, to grant plaintiff an extension of time for service of its proposed record on appeal. Under N.C.R. App. P. 11, plaintiff was required to serve a proposed record on appeal upon defendant within 35 days of the date of the notice of appeal—in other words, within 35 days of 8 July 2005. When plaintiff served the proposed record upon defendant on 19 August 2005, the time allowed for service had clearly expired.

Although a "trial tribunal for good cause shown by the appellant may extend once for no more than 30 days the time permitted by Rule 11," N.C.R. App. P. 27(c)(1), "motions made after the expiration of the time allowed in these rules for the action sought to be extended *must be in writing* and with notice to all other parties and may be allowed only after all other parties have had opportunity to be heard," N.C.R. App. P. 27(d) (emphasis added). Because plaintiff made only an oral motion after the time for service of the proposed record had expired, Judge Menefee lacked authority to grant plaintiff's motion, and her order was ineffective. *See Richardson v. Bingham*, 101 N.C. App. 687, 689, 400 S.E.2d 757, 759 (1991) (holding that trial court's order extending appellant's time to serve proposed record on appeal "was ineffective" because of Rule 27 violation).

Similarly, we see no authority in the appellate rules for Judge Menefee's decision to grant defendant an additional 30 days for the service of his objections to plaintiff's proposed record on appeal. Rule 27(c)(1) grants authority to the trial tribunal to allow one extension of 30 days "for the service of the proposed record on appeal." Rule 27(c)(2) in turn provides that "[a]ll motions for extensions of time other than those specifically enumerated in Rule 27(c)(1) *may only be made to the appellate court* to which appeal has been taken." (Emphasis added.) In other words, a motion to extend the time for making objections to the proposed record on appeal should have been directed to this Court.

Since Judge Menefee had no authority to extend defendant's time to object, arguably the record on appeal was settled under N.C.R. App. P. 11(b) ("If all appellees within the times allowed them either

serve notices of approval or fail to serve either notices of approval or objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal."). Plaintiff was then required to file the record on appeal with this Court 15 days after the non-extended deadline for serving objections. N.C.R. App. P. 12(a).

Even if Judge Menefee had authority to enter her order and regardless of any impact of defendant's notice of appeal from that order,[1] the record establishes that the parties agreed upon the record on appeal "shortly" after 27 October 2005, according to plaintiff, and by 16 November 2005, according to defendant. Once the parties settled the record by agreement, plaintiff was required to file the agreed-upon record with this Court within 15 days. *Id. See also White v. Carver*, 175 N.C. App. 136, 143, 622 S.E.2d 718, 723 (2005) (holding that appeal was not properly filed in accordance with appellate rules when appellant agreed to some of appellee's amendments and objections to the proposed record, did not seek judicial settlement regarding those points upon which agreement not reached, and did not file record with this Court within 15 days of the record being settled by operation of Rules 11 and 12).

When, on 13 January 2006, defendant filed his second written motion to dismiss plaintiff's appeal, plaintiff, in violation of Rule 12(a) of the Rules of Appellate Procedure, had still not filed a record of any kind with this Court. Since plaintiff "fail[ed] within the time[] allowed . . . to take an[] action required to present the appeal for decision," N.C.R. App. P. 25(a), the trial court could properly dismiss plaintiff's appeal. *See Kellihan*, 140 N.C. App. at 766, 538 S.E.2d at 235 ("Plaintiffs failed to meet the time deadline set out in N.C.R. App. P. 12(a), and therefore their filing of the record on appeal in this case was late. This violation of our appellate rules subjects this appeal to dismissal on defendants' motion."); *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 124-25, 519 S.E.2d 316, 317 (1999) (dismissing appeal where, among other things, appellant "failed to file the record on appeal with this Court within fifteen (15) days after it was settled, in violation of Rule 12(a)").

Plaintiff contends that the trial court erred in dismissing its appeal because the record was "available for filing in a timely man-

---

1. Plaintiff contends that defendant's notice of appeal from Judge Menefee's order somehow started the clock anew with respect to the settlement of its already-served record on appeal relating to Judge Fine's order. Plaintiff cites no authority that supports this argument, and we have found none.

ner . . . ." Our appellate rules require actual filing and not mere "availability" for filing. We note that rather than attempting to file the record on appeal after receipt of the second motion to dismiss, plaintiff instead asked the trial court for a second extension of time—a motion the trial court had no authority to grant under N.C.R. App. P. 27. Plaintiff has presented no persuasive basis for setting aside the trial court's dismissal of its appeal, and accordingly, we affirm Judge Davis' order.

Affirmed.

Chief Judge MARTIN and Judge WYNN concur.